(Decided 25th June, 1869.)

ROBERT M. POLK, and MARY, his wife *vs.* SOPHIA C. PENDLETON.

*Scire facias—Who are Terre-tenants ?—Who must be warned ?—Purchaser at a Tax sale not a Terre-tenant —Jurisdiction in Equity—Bills quia timet, or Bills of peace.*

A, in his lifetime, was seized in fee of a lot of ground in Baltimore city. In January, 1858, a judgment was recovered against him in the Superior Court of that city.    In 1861 he died.    In 1864 the judgment was revived by *scire facias* issued against his heirs, execution was issued upon the revived judgment, and the said lot was sold thereunder and

conveyed by the Sheriff to B. Before the death of the judgment debtor, to wit, in October, 1858, the said lot was sold to C, at a tax sale, and was conveyed by deed to C and his wife by the City Auditor, in November, 1859. Upon the execution of this deed to C and his wife, they went into possession and continued in possession of the same by their tenants. On a bill filed by B, to have the tax sale declared void, and the tax deed set aside, HELD:

1st. That the proceedings upon the judgment were regular, and that C, and his wife were not *terre-tenants* entitled to be warned under the *scire facias.*

2d. That where a sole defendant dies after judgment, it may be revived and execution had against his lands by suing out a *scire facias* against the heirs and *terre-tenants,* without proceeding against the personal representatives.

3d. That all who are in possession, deriving title under the judgment debtor, such as heirs, devisees or alienees, after the judgment are *terre-tenants* within the meaning of the law, whom it is necessary to make parties to the *scire facias.*

4th. But where a party is in possession, holding by title adverse to that of the judgment debtor or paramount to his, such party is not a *terre-tenant* within the meaning of the law.

5th. That as B was not in possession, and the only object of the suit was to try the question of right and to obtain the possession, the proceeding was not within the province and jurisdiction of a Court of Equity.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case, was filed by the appellee against the appellants; its object was to have a tax sale, at which the appellants were purchasers of certain lots of ground in the city of Baltimore, declared void, and a deed for the property made by the City Auditor to them, set aside on the ground that the property belonged to the appellee, that the tax sale was a nullity, and the deed was a cloud upon her title. The Court below, (PINKNEY, J.,) passed a decree in favor of the appellee, from which the present appeal was taken. The facts of the case are sufficiently stated in the opinion of the Court.

· The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Benjamin Price* and *Wm. Schley*, for the appellants.

Polk claimed under color of title, whether it was good or bad, and he was therefore entitled to be warned. *Hoye vs. Swan's Lessee*, 5 *Md.*, 248 *and* 250; *Casey's Lessee vs. Inloes, et al.*, 1 *Gill*, 500.

Polk was in possession of the property under color of title—that is by deed, purporting to be in fee simple—and receiving, undisputed, the rents from the property for six years, and the *scire facias* issued against the heirs only, not against Polk, who was the *terre-tenant*. *Foster on Scire Facias*, 100, (*N. B.,*) 175, 190, (*marg.*) 73 *Law Lib.*; 2 *Wm.'s Saunders*, 6 (*N.* 1;) *Pennoir vs. Brace*, 1 *Salk.*, 319; *Doub vs. Barnes, et al.*, 4 *Gill*, 11; *Hanson vs. Barnes' Lessee*, 3 *G. & J.*, 366; *Prather vs. Manro*, 11 *G. & J.*, 265 *and* 266; *Panton vs. Hall*, 2 *Salk.*, 598; *Code of Pub. Gen'l Laws*, *Art.* 75, *sec.* 94; *Tidd's Appendix*, 331, *sec.* 62.

The remedy of the appellee is at law. The Circuit Court of Baltimore had not jurisdiction in the cause. *Tessier vs. Wyse*, 3 *Bland*, 40.

*John T. Morris* and *E. Otis Hinkley*, for the appellee.

The copy of the judgment record, and the Sheriff's deed to the appellee, show the regularity and sufficiency of all the proceedings. "Courts guard and maintain, with zealous vigilance, the titles of purchasers under Sheriff's sales." *Tomlinson's Lessee vs. Devore*, 1 *Gill*, 345; *Tabler vs. Castle*, 22 *Md.*, 94; *Manahan vs. Gorman*, 3 *Md.*, 463; *Marshall's Lessee vs. Greenfelder*, 8 *G. & J.*, 349; *Miles vs. Knott's Lessee*, 12 *G. & J.*, 442; *Sasscer vs. Young*, 6 *G. & J.*, 243.

The Circuit Court had jurisdiction in this case. *Polk vs. Rose, &c.*, 25 *Md.*, 156; *Holland vs. M. & C. C. of Balt.*,

11 *Md.*, 186; *Blackwell on Tax Titles*, 482, 488, 489, *and* 490.

The appellants were not *terre-tenants*, and were not entitled to be summoned under the *scire facias*.

BARTOL, C. J., delivered the opinion of the Court.

It appears, by the pleadings and proofs in this case, that Robert W. Pendleton was, in his lifetime, seized in fee of a lot of ground in Baltimore city. In January, 1858, a judgment was recovered against him in the Superior Court of Baltimore City; he died in 1861. In 1864, the judgment was revived by *scire facias* issued against his heirs, and judgment having been entered thereon, a writ of *fieri facias* was issued, under which the lot of ground, mentioned in the proceedings, was sold by the Sheriff to the appellee, on the 11th day of November, 1864, and conveyed to her by the deed of the Sheriff, dated November 23d, 1864.

Before the death of R. W. Pendleton, to wit, in October, 1858, the lot in question was purchased by the appellant, R. M. Polk, at a tax sale, made for the collection of taxes in arrear, due by R. W. Pendleton, and was conveyed to him, and Mary, his wife, the present appellants, by the deed of McCubbin, the City Auditor, dated November 5th, 1859.

Immediately after this deed was executed, the appellants went into possession of the property, and continued in possession of the same, by their tenants, until the filing of the bill, and the issuing of the injunction in this case.

The bill alleges the several proceedings upon the judgment, under which the appellee purchased; and further alleges, that the tax sale to the appellants was void, and that they acquired no valid title thereby, because of the failure and omission of the City Auditor to comply with the requirements of the tax laws; and the defects and

irregularities in the proceedings of the Auditor are particularly alleged in the bill.

The relief prayed by the bill is, " that the complainant may have the cloud upon her title removed ; that the sale made by the City Auditor may be declared null and void, and his deed to the appellants be set aside ; and that an injunction be issued to prevent the appellants from attempting to collect the rents of the property, or intermeddling with the same ;" there was a prayer also for a. receiver, and for general relief.

The injunction was granted as prayed, and, by the final decree, the same was made perpetual ; the deed from the City Auditor was declared null and void, and was set aside, and the appellants were decreed to account with the complainant for the rents received from the property, *as well before as after the order* for injunction, and the cause was referred to the auditor to take the account, reserving all equities of the parties.

From this decree, the present appeal was taken.

The appellants offered no testimony in support of their tax title ; they simply produced the deed of the City Auditor, under which they claim to have entered upon, and held possession of the property.

Their defence rests upon two propositions :

1st. That the title acquired by the appellee, under the Sheriff's sale, is invalid, because they were not warned, under the *scire facias*, as terre-tenants.

2d. That a Court of Equity has no jurisdiction, the remedy of the appellee being at law.

1. Upon the first proposition, we concur in the opinion pronounced by the Judge of the Circuit Court, that the proceedings upon the judgment were regular. The appellants were not *terre-tenants*, entitled to be warned under the *scire facias*.

Where a sole defendant dies after judgment, it may be revived, and execution had against his lands, by suing

out a *scire facias* against the heirs and *terre-tenants*, without proceeding against the personal representatives. See *Tessier vs. Wyse,* 3 *Bland,* 40, *and cases cited in note m.*

Who are terre-tenants within the meaning of the law, whom it is necessary to make parties to the *scire facias?* All who are in possession, deriving title under the judgment debtor, such as heirs, devisees, or alienees, after the judgment. They are in, as of the estate of the judgment debtor, and before the judgment can be revived, and enforced by execution against the land, so as to divest their title, it is necessary to warn them by the *scire facias,* so that they may have an opportunity of making their defence, and of claiming contribution from others holding lands of the judgment debtor, bound by the judgment. *Tessier vs. Wyse,* 3 *Bland,* 40 ; *Warfield vs. Brewer & Keefer,* 4 *Gill,* 268.

But where a party is in possession, holding by title adverse to that of the judgment debtor, or paramount to his, such party is not a *terre-tenant,* within the meaning of the law, because his rights are in no manner affected by the judgment. If he have a good title, the judgment does not bind the land, nor can a sale under the execution affect his interest. If he have not a good title, then he would have no right to claim contribution, by reason of the land being taken to satisfy the judgment.

In this case the appellants were in possession, claiming under the tax sale, and the deed from the City Auditor. If the sale was made according to law, and the deed be valid, their title is paramount to that of the judgment debtor, and not being affected by the proceedings and sale under the execution, they were not necessary or proper parties to the *scire facias.*

*A fortiori,* if the sale to them and the deed of the City Auditor were invalid and void, and they were in possession only under a color of title, not derived under the

judgment debtor, they were not· *terre-tenants* proper to be warned by the *scire facias*.

We have considered it proper to express our opinion upon this question, because it is presented by the record and was fully argued, although, in the view we have taken of the second proposition relied on by the appellants, the decision of the first is not essential to the determination of the case.

2. We think the Circuit Court was in error on the question of jurisdiction. The proceeding is in the nature of a bill *quia timet*, or a bill of peace.

The rule governing the jurisdiction of Courts of Equity in cases of this kind, is thus stated by the Supreme Court in *Orson vs. Smith*, 18 *Howard*, 265:

"Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a Court of Equity to give them peace or dissipate a cloud on the title."

The same rule was recognized by this Court in *Crook and wife vs. Brown*, 11 *Md.*, 173, where it was said, "The complainants have not the legal title and are not in possession, which we take to be essential facts in such cases."

Such suits are instituted to protect a party who is in possession and has a clear title, against vexatious litigation, by persons setting up unjust and illegal pretensions, and the ground of equity jurisdiction is, that being in possession he cannot have a remedy at law.

In the present case the appellee is not in possession, and the only object of the suit is to try the question of right, and to obtain the possession. Such a proceeding is not within the province and jurisdiction of a Court of Chancery.

As decided in *Crook vs. Brown*, 11 *Md.*, 159: "There is no head of equity jurisprudence under which a party in possession of land can be brought into Court, and made to show his title, in order that that title may be defeated ·

Polk *vs.* Pendleton.

and the possession delivered to the complainants, for this would be substantially to give to a chancery suit the effect of an action of ejectment."

No case in Maryland has gone so far as to maintain a bill in equity under such circumstances.

In *Polk vs. Rose*, 25 *Md.*, 153, the complainants had the legal title and were in possession. In the opinion of the Court, page 162, it was said, " In the case at bar, the appellees could not resort to an action at law, because they had not been dispossessed."

And the case of *Polk and wife vs. Reynolds, ante,* p. 106, rested upon the case of *Polk vs. Rose,* 25 *Md.,* 153, the facts of the two cases in this respect being the same. The case presented by the pleadings and proof in this record, is clearly distinguishable from *Polk vs. Rose* and *Polk vs. Reynolds,* and falls within the principle of *Crook vs. Brown* and *Orson vs. Smith,* before cited.

The decree of the Circuit Court must be reversed, and the bill dismissed, leaving the appellee to assert her rights in a Court of law, the only forum having jurisdiction.

*Decree reversed and bill dismissed.*

(Decided 25th June, 1869.)