# CIRCUIT COURT OF BALTIMORE CITY

Filed November 2, 1891.

## ANTON TEXTOR
### VS.
## CHARLES SHIPLEY, ET AL.

*C. Dodd McFarland* for plaintiff.

*Thomas G. Hayes, T. R. Clendinen* and *William A. Hammond* for defendants.

DENNIS, J.—

It appears by the bill that the Mayor and City Council undertook to sell in fee the property in question and made a deed therefore to the defendant, Shipley.

The latter thereupon executed a lease to the defendant, Elizabeth Black, under which lease the said defendant is now in possession. The bill is in the nature of a bill of *quia timet* and seeks to have the deed from the Mayor and City Council to Shipley and the lease from Shipley to said Black set aside as illegal and void. It is well settled that those only who have a clear legal and equitable title to land, *connected with possession,* have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on title. Polk vs. Pendleton, 31 Md. 124; Carter, &c., vs. Noolfork, 71 Md. 292. In this case the plaintiff is not in possession and the plain object of the suit is to try the question of right and obtain possession from the defendants, claiming under an adverse title. The remedy is at law. The demurrer to the bill will be sustained.

# BALTIMORE CITY COURT

Filed November 13, 1891.

## ISAAC BENESCH & SONS
### VS.
## THE BALTIMORE & OHIO R. R. CO., GARNISHEE OF LEVY MAR-SHOCK, ALIAS HARRY RICHMOND.

*W. Burns Trundle* for plaintiff.

*Geo. D. Penniman* for the B. & O. R. R. Co.

HARLAN, C. J.—

I am clearly of opinion that in order to recover a judgment of condemnation in attachment proceedings in this State, it must appear to the court that at the time of trial, the garnishee is either *indebted to the defendant* or has in his possession, within the *jurisdiction of the court,* lands, tenements, goods or chattels of the defendant. So far as the attachment is to affect specific goods and chattels, or lands and tenements, it is purely a *proceeding in rem* and the judgment of condemnation is not a judgment against the garnishee but of the particular goods and chattels or lands and tenements, and a *fieri facias* goes to the sheriff commanding him to sell the property thus condemned. Corner vs. Mackintosh, 48 Md. 387-8. As it appears from the agreed statement of facts that the specific goods sought to be affected by the attachment in this case were beyond the limits of the State at the time the attachment was laid in the hands of the Baltimore and Ohio Railroad Co., the judgment must be in favor of the garnishee.