ANTON TEXTOR *vs.* CHARLES SHIPLEY.

*Bill to Remove cloud on Title— When it Lies—Ejectment.*

A bill to remove a cloud on the title to real estate, must allege possession in the plaintiff at the time it is filed.

Where the lien for taxes on land existed at the time the plaintiff became the owner of the reversion, the fact that the assignee of the leasehold interest attorned to him, by the payment of the annual rent accruing under the lease, does not show such title and possession in the plaintiff as will entitle him to maintain a suit in equity to remove a cloud upon his title, arising from the proceedings in the tax sale alleged to have been defective and irregular; his remedy is an action of ejectment.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from a decree of the lower Court (DENNIS, J.,) sustaining the demurrer to the bill, giving permission to the plaintiff to answer the bill within five days, and upon failure to amend, dismissing the bill. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, McSHERRY, FOWLER, ROBERTS, and BRISCOE, J.

*C. Dodd McFarland*, for the appellant.

*Thomas G. Hayes*, for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

The appellant was the owner of the reversion in the lot of ground now in controversy, and one Charles H. Black was the owner of the leasehold interest. The city taxes for the years 1885 and 1886, being in arrear, the fee in the property was sold at public auction for the payment of these taxes, and was bought by Louis N. Hopkins, collector of city taxes. The sale was duly reported to the Circuit Court for Baltimore City, and was finally ratified. On the 11th September, 1889, Hopkins, as collector, in pursuance of the ordinances of the Mayor and City Council, conveyed the fee to the Mayor and City Council of Baltimore, and on the 28th of December, 1889, the property was sold by the latter at public auction to Charles Shipley, and by Shipley it was leased for ninety-nine years to Elizabeth Black.

On the 13th of April, 1891,—more than three years after the property had been sold for taxes,—this bill was filed by the appellant for the purpose of removing the cloud cast on his title by the tax sale, and conveyances to which we have referred. The appellant alleges that he is the owner of the reversion, and that Charles H. Black was the assignee of the leasehold interest—that the property had been sold for taxes, but charges that the proceedings under which it was sold were irregular and defective,—that it was the duty of Black, the tenant, to pay the taxes; nevertheless, contrary to his duty in the premises, he entered into an unlawful arrangement with Shipley, by which the latter purchased the property and executed a lease of the same to Elizabeth Black, wife of Charles H. Black, the assignee of the leasehold. The appellant prays that the deeds from Hop-

kins, city collector, to the Mayor and City Council, and from the latter to Shipley, and the lease from Shipley and wife to Elizabéth Black, be declared void, and for other relief, &c.

The demurrer to the bill was sustained by the Court below, and we think properly sustained, because it did not allege that the appellant was in possession of the property at the time the bill was filed.

The object of a bill to remove a cloud upon title, or to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession, and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions; and it may be said, as a general rule, that the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff. *Polk vs. Pendleton*, 31 *Md.*, 118.

In such cases, one being in possession, he cannot have a remedy at law, and is obliged therefore to seek the aid of a Court of equity. If, however, the possession is in another person, his remedy is by an action of ejectment, and there is no ground for the interposition by a Court of equity, and for the reason that he has an adequate remedy at law.

The demurrer having been sustained, the bill was amended by averring that in pursuance of his right, and by virtue of the deed from Robert Rennert and wife to him, the appellant entered into possession of the annual rent or reversion thereby granted to him, and that the assignee of the leasehold interest attorned to him by the payment of the annual rent accruing under the lease. And to the amended bill the appellee again demurred. The demurrer admits, of course, only such facts as are properly pleaded; and if facts are pleaded which are insufficient in substance or immaterial, such facts are not admitted by the demurrer to be true. And, this

being so, the averments in the original and amended bills, that the proceedings in the tax sale were defective and irregular, and that the deeds referred to were void, and created a cloud on the appellant's title,—these and other like averments,—were insufficient in substance, and immaterial, without the additional averment, that the appellant was *in possession at the time the bill was filed.* And there is no such averment either in the original or amended bill. He does aver in the amended bill, that he entered into possession of the annual rent or reversion, and that the assignee of the leasehold interest duly attorned to him by the payment of the annual rent accruing under the lease. These averments may be true. The appellant may have acquired the legal title to the property by the deed from Rennert and wife to him, and he may have been at one time in possession through Black the assignee of the leasehold interest, because the possession of the lessee was the possession of the lessor or reversioner. But the several deeds filed by the appellant as exhibits and part of his bill, show that the *entire fee* in the property had been sold for the payment of city taxes, which were paramount liens on the property before the appellant acquired the legal title under Rennert's deed. The title of the appellant to the reversion was subject to this lien; and when the lien was enforced by due and proper proceedings, the title of the appellant in the reversion and the title of the owner of the term of years or leasehold interest, were both gone. And this being so, the appellant had neither the legal title, nor had he possession. The legal effect of the tax sale which was reported and ratified by the Circuit Court, was to vest, *prima facie,* the fee simple title in Hopkins, the purchaser, and his grantees. And though the draughtsman of this bill has displayed no little ingenuity in setting forth the facts necessary to support the bill, yet he could not, in

face of the proceedings under the tax sale, and the subsequent conveyances of the property, allege the possession to be in the appellant at the time the bill was filed. If the proceedings under the tax sale be defective and irregular, as is alleged, the remedy for the appellant is by an action of ejectment. He cannot, under the well settled rules of law, invoke the equitable jurisdiction to remove a cloud upon his title, arising from the proceedings in the tax sale, and the subsequent conveyances of the property.

Now, as to the averment of the fraudulent combination and conspiracy between Charles H. Black and Shipley, it is sufficient to say, that admitting this to be true, the bill does not charge that *Elizabeth Black,* the lessee of Shipley, or *Hopkins, the collector,* or the *Mayor and City Council,* were in any manner parties to the combination and conspiracy. And further, if the deed to Shipley and the lease by him to Elizabeth Black were held to be void, because of this conspiracy, we do not see how this would help the appellant's case. Strike down the Shipley deed and the lease by him to Elizabeth Black, and the lot in question would still be the property of the Mayor and City Council of Baltimore.

So, in any aspect in which this case may be considered, the decree, it seems to us, must be affirmed.

*Decree affirmed.*

(Decided 20th June, 1893.)

On the 11th of September, 1893, a motion was made by the appellant, supported by reasons, for a re-argument of the foregoing case. The motion was overruled by the Court, and the following opinion was filed:

ROBINSON, C. J., delivered the opinion of the Court.

*Steuart vs. Meyer, et al.,* 54 *Md.,* 454, relied on in support of the motion for re-argument, cannot be said

to be in conflict with the principles on which this case was decided. In that case Steuart, as trustee of his daughter, became the owner of a ground rent, the leasehold of which belonged to Mary Haschert. The fee simple was subsequently sold for city taxes, and the sale was duly ratified by the Circuit Court of Baltimore City.

Steuart upon applying for the instalment of ground rent due in October, 1876, learned for the first time that the property had been sold for taxes, and thereupon he filed a petition alleging that the sale was void for want of jurisdiction, and praying for leave to file a bill of review for the purpose of having the matters re-examined, and the order of ratification annulled and set aside. Leave being granted to file a bill of review, Meyer the purchaser appealed from the order, and Steuart then appealed from the final order of ratification. Pending these appeals receivers were appointed to take possession of the property and to collect the accruing rents. Both of the appeals were dismissed. 48 *Md.*, 423. When the cause was remanded the Court rescinded the order granting leave to file a bill of review and dismissed the petition of Steuart, and from this order he appealed. Pending this appeal, Steuart filed an original bill, alleging that the proceedings in the tax sale were irregular and void, and that the purchaser acquired no title thereunder, and prayed that the alleged tax sale be declared null and void, and that Meyer the purchaser, be enjoined from taking possession of or setting up any title thereto, and that the receivers be enjoined from delivering possession to him. In invoking the jurisdiction of a Court of equity under the circumstances, the complainants allege they have no adequate remedy at law; that they could not resort to the ordinary remedy by ejectment against Meyer as a disseisor, for the reason that he was not in possession of the prop-

erty, but the same is still in the possession of the receivers; and that the complainants being owners of the reversion they had no present right to the possession. It was in view of these facts, that the Court said, referring to the complainants, "they are not entitled to the possession, and could not, therefore, sue in ejectment for the recovery of the property. Under the circumstances of this case, without resort to a proceeding like the present, the parties would be without adequate remedy for relief against the effect of the *prima facie* title in the purchaser."

In sustaining the jurisdiction of the Court under the peculiar circumstances of that case, in which the possession of the property was in the hands of receivers appointed by the Court, we did not mean to question the general rule laid down in *Polk vs. Pendleton*, 31 *Md.*, 124, that "those only who have a clear legal and equitable title to land, connected with the possession, have any right to claim the interference of a Court of equity to give them peace or dissipate the cloud on title."

On the contrary, in *Meyer's Case,* the Court refers to *Crook and Wife vs. Brown, et al.,* 11 *Md.,* 158, in which it was said: "Nor can the amendments be sustained upon the doctrine of bills *quia timet.* The complainants have not the legal title, and are not in possession, which we take to be essential facts in such cases." And such is the rule recognized by the Supreme Court in *Orton vs. Smith,* 18 *How.,* 265. It is clear, therefore, we think, *as a general rule,* that the jurisdiction of a Court of equity cannot be maintained to remove a cloud from title unless the party has the legal title and the possession. If the possession is in another his remedy is by an action of ejectment.

*Motion overruled.*

(Decided 15th March, 1894.)