## In Equity.

### Lewis Clark et als. *vs.* Andrew Clark et als.

### Washington.    Opinion February 16, 1911.

*Quieting Title.    Bill to Remove Cloud on Title.    Allegations.    Possession.*

One suing to remove a cloud on title, caused by a deed fraudulently obtained, under which legal title is vested, must plead and prove his possession.

In equity.    On appeal by plaintiffs.    Bill dismissed.

Bill in equity brought to set aside a conveyance of real estate upon the ground of fraud and undue influence practiced upon the grantor, Lewis D. Clark, who died May 19, 1909, intestate, leaving a widow and seven children.    Answers and replications were duly filed, a hearing had, at the conclusion of which a decree was filed dismissing the bill, and the plaintiffs appealed.

The pith of the case is stated in the opinion.

*John H. Lynch, and H. H. Gray,* for plaintiffs.

*William R. Pattangall, and John H. McFaul,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

SPEAR, J. This is a bill in equity which seeks to set aside a conveyance of real estate upon the ground of fraud and undue influence practiced upon the grantor. Andrew Clark, the grantee of the deed, was a son of Lewis D. Clark, the grantor. The plaintiffs are children of Lewis D. Clark, deceased intestate, and brother and sisters of Andrew Clark and Judson Clark, two of the defendants, while Bertha L. Clark, the other defendant, is the widow of Lewis D. Clark. Judson Clark and Bertha L. Clark are made defendants only for the purpose of making them parties to the bill. The real defendant against whom the fraud is charged is Andrew Clark.

The bill sets forth the relation of the parties, the seizin and possession of Lewis D. Clark of the real estate conveyed, the fact of the conveyance, and the fourth item alleges fraud as follows: "On said first day of December A. D. 1908, when said deed of conveyance was executed, the said Lewis D. Clark was an old man and much enfeebled by age and disease; that at that date and some time prior thereto the said Lewis D. Clark was suffering from a deadly and incurable disease that had greatly impaired, weakened and deranged his mind; that on said first day of December A. D. 1908, the said Lewis D. Clark had not sufficient mental capacity to execute a legal conveyance of his property; that the said Lewis D. Clark was unduly influenced by the said Andrew Clark to make said conveyance; that said conveyance was given without sufficient and valid consideration and procured by the said Andrew Clark in fraud of said complainants." Item fifth alleges: "That said conveyance is a cloud upon the title of said complainants as heirs of the said Lewis D. Clark." The first prayer of the bill is: "That said deed of conveyance be declared null and void and that the same be cancelled upon the record." The bill nowhere sets out either directly or by necessary implication that the plaintiffs or any of them at the time of bringing the bill were in possession of the property from which they seek to remove the cloud.

The allegations in the bill do not present a cause for the equity side of the court. The absence of the allegation that the plaintiffs were in possession, while admitting the legal title to be in another, negatives any color of title in themselves to remove which a bill in equity can be maintained.

This rule of law has so often been declared in this State that only a reference to the cases seems to be necessary. It was stated in the headnote of *Annis* v. *Butterfield*, 99 Maine, 181, as follows: "But if the plaintiff obtained title, he cannot maintain proceedings in equity to have the cloud of the fraudulent conveyances removed, without alleging and proving that he is in possession. If not in possession, he must resort to his remedy at law." See also cases cited. To the same effect are the following cases: *Frost* v. *Walls*, 93 Maine, 405; *Gamage* v. *Harris*, 79 Maine, 531; *Robinson* v. *Robinson*, 73 Maine, 170; *Spofford* v. *Railroad*, 66 Maine, 51.

*Bill dismissed without prejudice*
*and without costs.*