CALEB GUYER KELLY

*vs.*

HENRY W. NICE, Executor, et al.

*Removing Cloud from Title—Possession in Plaintiff Necessary.*

One not in possession cannot maintain a bill to remove a cloud from the title, such a bill being in effect an ejectment suit. p. 477

The owner of a ground rent cannot as such maintain a bill in equity against a purchaser of the fee simple at a sale for non-payment of taxes, and against persons claiming under such purchaser, to have the tax sale declared null and void, such a bill being in effect one to remove a cloud from the title, in which the plaintiff must allege that he is in possession.

pp. 477-479

*Decided June 23rd, 1922.*

Appeal from the Circuit Court of Baltimore City (CARROLL T. BOND, J.).

Bill by Caleb Guyer Kelly against Henry Nice and others. Subsequently Henry W. Nice, executor of said Henry Nice, was made a party defendant. From a decree for defendants, plaintiff appeals. Affirmed.

·The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Peter Peck,* for the appellant.

The appellant seeks the aid of a court of equity for the same reason that one in possession seeks its aid; that is, because he has no adequate remedy at law. The appellant has not the right of possession, which he must have in order

to conform with the third cardinal rule stated in *Poe, Pleading,* vol. 1, sec. 263, 4th ed., and thus sustain the action. Mr. Pomeroy, sec. 1399, note, in his *Equity Jurisprudence* (ed. 1) says: "Where a party out of possession holds a legal title under circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned, as where the plaintiff is a remainderman or reversioner unable to recover possession." And, JUDGE PHELPS, *Juridicial Equity,* sec. 100, says: "A legal title in reversion will suffice in order to maintain a bill *quia timet* or to remove a cloud from title."

The owner of a ground rent cannot sue in ejectment, because, not having the right of possession, he is not entitled to possession, and the sheriff, in executing the judgment, would either have to deliver to him something to which he is not entitled, or possession subject to the possession of a third party, a patent inconsistency. Furthermore, the reversioner's right is to an incorporeal thing, something the sheriff cannot deliver.

The appellant cannot sue in ejectment, because not entitled to the possession; he cannot file a bill of review or a bill in the nature of a bill of review; he cannot file a petition in the tax proceedings (*Reth* v. *Levison,* 135 Md. 398); he cannot appeal from the order of ratification of the tax sale (*Stewart* v. *Meyer,* 48 Md. 423). If, therefore, he is denied the opportunity of having the tax-sale proceedings reviewed either in a court of law because he is not entitled to the possession, or in a court of equity because he lacks possession, in the presence of the irregularity involved in the orders of publication and the possession obtained by him in the ejectment suit against Hauser, then he is not accorded the equal protection of the law as compared with a leaseholder. And this would be contrary to the policy of this Court as announced in *Banks* v. *Haskie,* 45 Md. 207; *Meyers* v. *Silljacks,* 58 Md. 319; *Worthington* v. *Lee,* 61 Md. 530; *Hollander* v. *Central Metal Co.,* 109 Md. 160.

A reversion is an incorporeal hereditament. 2 *Blackst. Comm.* 20 (Lewis' ed.); 4 *Kent's Comm.* 354; *Washburn, Real Prop.* 37, 47; 38 *N. J. Eq.* 124. And ejectment lies for the recovery of a corporeal hereditament only. 7 *Watts,* 318; 5 *Denio,* 389; 9 *Johns,* 298; 2 *Yeates,* 331; 3 *Green* (N. J.), 191; 17 *Oreg.* 510. The plaintiff, to recover in ejectment, must have the right of possession. *Cincinnati* v. *White's Lessee,* 6 Pet. (U. S.) 431; *Adams, Eject.* 32; *Dickerson* v. *Colgrove,* 100 U. S. 578; *Love* v. *Simms' Lessee,* 9 Wheat. (U. S.) 524; *Lannay* v. *Wilson,* 30 Md. 546; *Mitchell's Lessee* v. *Mitchell,* 1 Md. 445; *Joseph* v. *Bonaparte,* 118 Md. 596; *Wilson's Lessee* v. *Inloes,* 11 G. & J. 358; *Berry* v. *Dewart,* 55 Md. 71. A reversioner, not being entitled to possession, cannot maintain ejectment. *Dorsey, Eject.* 10; *Norris* v. *Pierce,* 47 Ill. App. 463; *Kent's Comm.,* vol. 4, p. 117, note 10.

*C. Alexander Fairbank, Jr.,* with whom were *J. Calvin Carney, Benjamin L. Freeny* and *Edwin T. Dickerson* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City sustaining a demurrer to and dismissing the bill of complaint of the appellant.

The bill, which is an amended bill and was filed on the 27th of December, 1921, alleges that, in 1905, August Weber and Emma Weber, his wife, leased to Henry A. Ulrich, his executors, administrators and assigns, the property in Baltimore City known as 1728 North Monroe Street, for ninety-nine years, renewable forever, reserving an annual rent of $67.91, and thereafter, on the 12th of April, 1906, conveyed the reversion to the appellant; that in March, 1914, Ulrich assigned the leasehold interest to Paul C. E. Hauser; that the ground rent being in arrear, the appellant notified Ulrich in June, 1917, that ejectment would be instituted against him, and that in July, 1917, Ulrich informed

the appellant that he had assigned the leasehold interest to
Hauser; that in December, 1918, the appellant sued Hauser
in ejectment and obtained a judgment against him, "and
recovered possession of said property thereunder on or about
October 18, 1919"; that some time thereafter the appellant
learned that the property had been "attempted to be sold in
fee simple on December 11, 1916, by William C. Page, the
city collector, * * * for alleged non-payment of taxes amount-
ing to $184.82, for the years 1913, 1914, 1915 and 1916 to
Henry Nice," and that said sale had been finally ratified and
confirmed by Circuit Court No. 2 of Baltimore City, and
that a deed "in fee simple" for said property, dated February
25th, 1918, had been executed and delivered by said collector
to Nice, and recorded among the Land Records of Baltimore
City; that the appellant, upon learning of said "attempted
tax sale," and upon advice that the same was illegal and
void, in January, 1920, brought suit in ejectment against all
the parties claiming through and under Nice; that Ulrich
and Hauser did not notify him that said taxes were due and
unpaid, and that they either had no knowledge of said tax
sale, or, with knowledge thereof, fraudulently withheld the
same from the appellant; that during the pendency of said
ejectment suit against Hauser, and prior to the judgment
therein, Nice, by lease dated September 29th, 1919, and
recorded among the Land Records of Baltimore City, leased
the property at an annual ground rent of $72 to Louis Skol-
kin and Rebecca Skolkin, who, on the same day, executed
a mortgage of said leasehold interest to the "Western Per-
manent Building Association of Baltimore City, Incorpo-
rated," and that Nice also conveyed the reversion to James
H. Townsend and Hattie C. Townsend, who thereafter, by
deed dated July 12, 1920, conveyed the same to Martha A.
Freeny; that in the second ejectment suit the appellant con-
clusively proved that said "pretended" tax sale was void,
but that the court declared in its opinion that as the appel-
lant was only the owner of the ground rent, and hence

not entitled to possession, his remedy was in equity; that the said Skolkins "are in possession and occupancy of said property," and the said Martha A. Freeny continues to persist in her claim that she is the owner of said property, and is collecting from the Skolkins "the rent issuing therefrom": that under the circumstances, the appellant is without any complete and adequate remedy at law, because "he cannot resort to the ordinary ejectment against the defendants, Henry Nice, James H. Townsend and Hattie C. Townsend, Western Permanent Building Association of Baltimore City, Inc., and Martha A. Freeny, for the reason that these persons are not in possession, and he cannot resort to the ordinary remedy of ejectment against the defendants, Louis Skolkin and Rebecca Skolkin, for the reason that your orator also is in possession of said property under the proceedings" in the first ejectment case against Hauser, "and for the further reason that if your orator were only the owner of the ground rent, he would not be entitled to possession and could not sue in ejectment."

The bill, which was filed against Henry Nice, James H. Townsend and Hattie C. Townsend, Louis Skolkin and Rebecca Skolkin, the Western Permanent Building Association of Baltimore City, Inc., and Martha A. Freeny, and to which Henry W. Nice, executor of Henry Nice, deceased, was subsequently made a party, after further alleging the several grounds upon which the tax sale was void, then prays (1) that the defendants be required to answer; (2) that said Nice, the Townsends and Martha A. Freeny be required to pay into court $271.64, the amount of ground rent due the appellant "up to and including April 10th, 1921"; (3) that the tax sale be declared null and void; (4) that said defendants be enjoined from asserting any title to the property under said sale or any deed from Henry Nice or those claiming through him; (5) that the said Skolkins be required to bring into court "the ground rent issuing out of said property as the same becomes due under the original lease; (6)

that the said defendants be enjoined from selling, mortgaging, or otherwise disposing of the reversionary or leasehold interest in said property; (7) that the order ratifying the tax sale be "declared null and void," and (8) for general relief.

In the case of *Polk* v. *Pendleton,* 31 Md. 124, CHIEF JUDGE BARTOL said: "The rule governing courts of equity in cases of this kind, is thus stated in *Orson* v. *Smith,* 18 How. 265: 'Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title.' The same rule was recognized by this Court in *Crook* v. *Brown,* 11 Md. 173, where it was said, 'The complainants have not the legal title and are not in possession, which we take to be essential facts in such cases.' Such suits are instituted to protect a party who is in possession and has a clear title, against vexatious litigation, by persons setting up unjust and illegal pretensions, and the ground of equity jurisdiction is, that being in possession he cannot have a remedy at law." This general rule has been repeatedly recognized and followed in this State by the later decisions. *Textor* v. *Shipley,* 77 Md. 473; *Helden* v. *Hellen,* 80 Md. 616; *Oppenheimer* v. *Levi,* 96 Md. 296; *Stewart* v. *May,* 111 Md. 162; *Waring* v. *Nat'l. Sav. & T. Co.,* 138 Md. 367.

The material allegations of the bill now under consideration are so like those in the case of *Textor* v. *Shipley, supra,* that a full discussion of them, and of the contentions of the appellant, would simply involve a repetition of what was there said. As in the present case, the appeal there was from a decree sustaining a demurrer to the bill, and CHIEF JUDGE ROBINSON, in stating the case, said: "The appellant was the owner of the reversion in the lot of ground now in controversy, and one Charles H. Black was the owner of the leasehold interest. The city taxes for 1885 and 1886, being in arrear, the fee in the property was sold at public auction for

the payment of these taxes, and was bought by Lewis N. Hopkins, collector of city taxes. The sale was duly reported to the Circuit Court for Baltimore City, and was finally ratified. On September 11, 1889, Hopkins, as collector, in pursuance of the ordinances of the Mayor and City Council, conveyed the fee to the Mayor and City Council of Baltimore, and on December 28, 1889, the property was sold by the latter at public auction to Charles Shipley, and by Shipley it was leased for ninety-nine years to Elizabeth Black. On April 13, 1891, this bill was filed by the appellant for the purpose of removing the cloud cast on his title by the tax sale, and the conveyances to which we have referred. The appellant alleges that he is the owner of the reversion, and that Charles H. Black was the assignee of the leasehold interest— that the property had been sold for taxes, but charges that the proceedings under which it was sold were irregular and defective—that it was the duty of Black, the tenant, to pay the taxes; nevertheless, contrary to his duty in the premises, he entered into an unlawful arrangement with Shipley, by which the latter purchased the property and executed a lease of the same to Elizabeth Black, wife of Charles H. Black, the assignee of the leasehold. The appellant prays that the deeds from Hopkins, city collector, to the Mayor and City Council, and from the latter to Shipley, and the lease from Shipley and wife to Elizabeth Black, be declared void, and for other relief, &c." Following the above statement, the Court said: "The demurrer to the bill was sustained by the court below, and we think properly sustained, because it did not allege that the appellant was in possession of the property at the time the bill was filed. * * * In such cases, one being in possession, he cannot have a remedy at law, and is obliged therefore to seek the aid of a court of equity. If, however, the possession is in another person, his remedy is by an action of ejectment, and there is no ground for the interposition by a court of equity, for the reason that he has an adequate remedy at law." The Court then refers to the fact that,

after the demurrer was sustained, the bill was amended "by averring that in pursuance of his right, by virtue of the deed from Robert Rennert and wife to him, the appellant entered into possession of the annual rent or reversion thereby granted to him, and that the assignee of the leasehold interest attorned to him by the payment of the annual rent accruing under the lease," and said in reference to such an amendment: "The legal effect of the tax sale which was reported and ratified by the circuit court, was to vest, *prima facie,* the fee simple title in Hopkins, the purchaser, and his grantees. And though the draftsman of this bill has displayed no little ingenuity in setting forth the facts necessary to support the bill, yet he could not, in face of the proceedings under the tax sale and the subsequent conveyances of the property, allege the possession to be in the appellant at the time the bill was filed. If the proceedings under the tax sale be defective and irregular, as is alleged, the remedy for the appellant is by an action of ejectment. He cannot, under the well settled rules of law, invoke the equitable jurisdiction to remove the cloud upon his title, arising from the proceedings in the tax sale, and the subsequent conveyances of the property."

In the *Textor case,* the demurrer was sustained to the first bill because of the *failure to allege* that the appellant was in possession of the property, and to the amended bill because the appellant could not, in view of the tax sale and subsequent conveyances, allege such possession. The same difficulty exists in the present case.

The appellant relies upon the cases of *Steuart* v. *Meyer,* 54 Md. 454, and *Oppenheimer* v. *Levi, supra.* In *Steuart's case,* the jurisdiction of the court of equity was sustained on the ground that the property in question was in the possession of receivers, and not in the possession of Meyer, the purchaser at the tax sale, and the appellants could not resort to an ejectment against him, and the appellants had no present right to the possession. *Textor* v. *Shipley,* 77 Md. at pp. 478,

479. In *Oppenheimer* v. *Levi, supra,* Levi, who, at the time the bill was filed, claimed title under the tax sale, was, at the time of the sale, the owner of the leasehold interest and liable for the payment of the taxes, and Judge Pearce, after stating the general rule to which we have referred, and citing the authorities in support of it, said: "There are, however, legal principles, applicable to the facts of this case, which in our opinion take it out of the general rule and bring it within the exceptions in which equity has jurisdiction. These principles cannot be better stated than in the language of Judge Cooley, extracted from his *Law of Taxation*: 'Some persons, from their relation to the land or to the tax, are precluded from becoming purchasers on grounds which are apparent when their relation to the property and to the taxes is shown. The title to be given on a tax sale is a title based on the default of the person who owes to the public the duty to pay the tax, and the sale is made by way of enforcing that duty. But one person may owe the duty to the public and another may owe it to the owner of the land by reason of contract or other relations. Such a case may exist where the land is occupied by a tenant, who, by his lease, has obliged himself to pay the taxes. Where this is the relation of the parties to the land, it would cause a shock to the moral sense, if the law were to permit this tenant to neglect his duty and then take advantage thereof to cut off his lessor's title by buying the land in at a tax sale. * * * There is a general principle applicable to such cases, which may be stated thus: That a purchase, made by one whose duty it was to pay the taxes, shall operate as a payment only; he shall acquire no right as against a third party by a neglect of the duty which he owed to such party. This principle is universal and is so entirely reasonable and just as scarcely to need the support of authority. Show the existence of the duty and the disqualification is made out in every instance.'" After quoting the above statement of Judge Cooley, Judge ·Pearce further said: "It is true that in an action of eject-

ment, this plaintiff would be entitled to recover upon proof of the facts she alleges in her bill, but it does not follow that equity has not jurisdiction to grant the relief prayed. * * * We perceive at once that upon the allegations of the bill, there was fraud in the acquisition by defendant of the tax title, and that as a result of this fraud the title is held by the defendant in trust for the plaintiff, and we know that fraud and trusts are independent heads of equity jurisdiction. * * * 'Where a party has an equitable cause of action against another, coming within any recognized rule of equity jurisdiction, such right can be enforced in equity whether the complainant is in possession or not.' * * * 'The exception to the rule (that the plaintiff must be in possession) is where the case presents some special ground for equitable interposition, such as fraud, accident, or mistake, requiring the setting aside or reformation of deeds or instruments of conveyance. If these elements are wanting, a bill to establish complainant's title, is an ejectment suit, pure and simple.' " The same exception to the general rule was held to apply in *Christhilf* v. *Bollman,* 114 Md. 477, and is referred to in *Waring* v. *Nat'l. Sav. & T. Co., supra.*

The averments of the amended bill in this case do not bring it within the exception referred to, and, as was said by JUDGE PEARCE in *Oppenheimer's case,* the bill is, therefore, "an ejectment suit, pure and simple," and the decree of the court below must be affirmed.

*Decree affirmed, with costs.*