EDWARD J. SCULLY *v.* WM. P. DERMODY ET AL.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*Edward J. Hall* for the plaintiff.

*Franklin P. Jones* for the defendant.

BUTTLES, J. It appears from the bill of complaint in this suit in chancery that on July 15, 1884, Mary G. Dermody executed what purported to be a quitclaim deed to Hugh Kelly of a certain parcel of real estate in Bennington and on the same day said

Hugh Kelly executed what purported to be a quitclaim deed of the same property to Michael Dermody. Michael, who was the husband of Mary, did not join in the execution of her said deed to Kelly and it is alleged that because of his failure so to join said deed was void and no title was conveyed by Mary's purported deed to Kelly or by Kelly's purported deed to Michael.

After the execution of said quitclaim deeds Mary G. Dermody and her husband Michael lived together upon the property here in controversy until the death of Mary on June 4, 1912, and thereafter Michael continued to live thereon until his death on May 8, 1936, and attempted to dispose of the same by will and under a claim of ownership based upon said quitclaim deeds which are claimed by the plaintiff to have been invalid.

The bill of complaint prays, among other things, that said deed from Mary to Kelly and all claims of title thereon or thereunder be decreed to be void, that the title of the said land be decreed to the Estate of Mary G. Dermody, that the Probate Court be enjoined from decreeing said real estate under the will of Michael Dermody or otherwise than as a part of the estate of Mary G. Dermody, that all persons be enjoined from maintaining or claiming any interest in said real estate under and by virtue of said quitclaim deeds from Mary G. Dermody to Kelly and from Kelly to Michael Dermody, and that the possession of said real estate be decreed to the heirs of Mary G. Dermody.

The defendant Catherine Dermody answered the bill of complaint and included in her answer certain special matter therein designated paragraphs B, C and D, of Part I. These paragraphs were followed by prayers appropriate for a demurrer. Upon hearing the chancellor ruled that it was proper to hear such special matter contained in said paragraphs prior to hearing of the entire case on its merits, treating the same as in the nature of a demurrer under chancery rule 15, and upon such further hearing ordered, adjudged and decreed that the defendant's demurrer be sustained and the plaintiff's bill be adjudged insufficient and dismissed. From this order the substituted plaintiff duly appealed to this Court.

█ █ The benefit which the defendant may have under chancery rule 15 is in the alternative. He may insist in his answer on any special matter that goes to the merits of the bill with the same benefit as if he had formally demurred to the bill, in which

case the demurrer is for consideration as if it stood alone, and must be brought forward for hearing before the case is heard on its merits, otherwise it is waived. *Waterman* v. *Moody and Rogers*, 92 Vt. 218, 226, 103 Atl. 325. Clearly this was the procedure followed below and the case stands in this Court as if appeal had been taken from a decree sustaining a formal demurrer.

Paragraphs B, C and D above referred to were in brief as follows:

B. That if the plaintiff ever had any such claim as he now sets up in the bill of complaint it accrued to him on the death of Mary G. Dermody, to wit, on June 4, 1912, and the same has long been barred by the laches of the plaintiff.

C. That the action described in plaintiff's bill by which he seeks to recover lands or the possession thereof accrued more than fifteen years prior to the commencement of this action, and that this defendant and her predecessors in title have not since July 15, 1884, said or done anything to take the action out of the statute of limitations.

D. Defendant insists that the action described in plaintiff's bill is an action to try the title to real estate.

As to laches it is sufficient to say that although the rule appears to be otherwise in many jurisdictions, it is well settled that in this state this defense cannot be raised by demurrer. *Bufton* v. *Crane*, 101 Vt. 276, 281, 143 Atl. 382; *Collins* v. *City of Barre*, 91 Vt. 343, 349, 101 Atl. 43; *Page* v. *Cave*, 93 Vt. 190, 193, 106 Atl. 774; *Hall* v. *Windsor Sav. Bk.*, 97 Vt. 125, 136, 121 Atl. 582, 124 Atl. 593.

The defense of limitations sought to be raised by Paragraph C stands somewhat differently from the defense of laches, since under our decisions it has been repeatedly held that the statute of limitations may be availed of by demurrer when the objection appears on the face of the bill. *Sherman & Adams* v. *Windsor Mfg. Co.*, 57 Vt. 57, 59; *Wilder's Exr.* v. *Wilder*, 82 Vt. 123, 129, 72 Atl. 203; *Hall* v. *Windsor Sav. Bk.*, *supra*. It is necessary here to inquire whether the objection sufficiently appears on the face of the bill to make the defense of limitations under the statute available on demurrer. Defendant says in effect that the deed of Mary G. Dermody to Hugh Kelly dated July 15, 1884, even if it was defective was sufficient to give color of title and having been followed by possession thereunder ad-

verse to the wife and her heirs for more than fifteen years the present action would be barred by the statute of limitations.

The bill avers "that the said Mary died June 4th, 1912 and that her husband Michael Dermody on her death by virtue of the law of descent of the State of Vermont, had a vested interest in any real estate of the said Mary and, in default of administration of her estate, remained in possession of the same to the time of his death May 8th, 1936." It is also alleged in the bill that the "said Mary and Michael lived thereon to the time of the death of the said Mary, June 4, 1912; and that the said Mary never ceased to live thereon and never parted with the possession of the said real estate from the date of her acquisition thereof to the date of her death; and that after the death of the said Mary, the said Michael Dermody continued to live thereon until his death May 8th, 1936. That said Michael Dermody who had a vested interest in the estate of the said Mary under the laws of descent of the State of Vermont as a widower, and as such had been entitled to live thereon, pending a settlement of her estate, which has never been settled, attempted to dispose of the said real estate by will and under a claim of ownership based upon said purported deeds from Mary. G. Dermody to Hugh Kelly and from Hugh Kelly to Michael Dermody."

The objection that the claim of Mary and her heirs is barred by the statute does not therefore appear from the face of the bill since the bill does not aver that Mary's possession of the property ceased prior to her death in 1912, or that thereafter Michael held or claimed to hold the property otherwise than under his claimed vested interest as surviving husband in his wife's real estate. In short, so far as appears from the face of the bill there was no claim of ownership and no possession adverse to Mary and her heirs until such claim was asserted by his will, speaking so far as appears, in accordance with the general rule, as of the time of the testator's death in 1936. *In re Walbridge's Will,* 102 Vt. 429, 431, 150 Atl. 126.

The third ground upon which the defendant demurs to the complaint is that the action described in plaintiff's bill is an action to try the title to real estate.

The allegations of the complaint do not indicate its exact nature but we regard it as essentially a bill to remove a cloud from title rather than being primarily a suit to try title.

That a question of title is incidentally involved would not be ground for demurrer, since the rule is well settled that a court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief. 21 C. J. 134; *Holton, Admr.* v. *Hassam et al.*, 94 Vt. 324, 328, 111 Atl. 389; *Van Dyke* v. *Cole*, 81 Vt. 379, 391, 70 Atl. 593. The jurisdiction of courts of equity to remove clouds from title in proper cases is well settled, and has often been recognized by this Court. We inquire whether this is a proper case for the exercise of such jurisdiction.

It is the rule in Vermont and in most of the states where the matter is not governed by statute that the court will not exercise its jurisdiction to remove a cloud when the instrument or proceeding is void on its face so that no extrinsic evidence is necessary to show its invalidity. In *Rooney* v. *Soule*, 45 Vt. 303, 307, it is said: "But when the title asserted is all of record, and its infirmities can be exposed at all times, and against all persons, a court of equity will not interfere, but leave the party to his remedy at law." *Hyser* v. *Mansfield*, 72 Vt. 71, 73, 47 Atl. 105; *Blanchard* v. *City of Barre*, 77 Vt. 420, 429, 60 Atl. 970; Pomeroy's Equity Jurisprudence, 4th ed., vol. 4, sec. 1399. We are not prevented by this rule from taking jurisdiction in the present case, since there is nothing in the questioned deed itself to indicate that the grantor, Mary Dermody, was not a *feme sole* at the time she executed it and that the instrument was defective for the reason claimed. Extrinsic evidence would be necessary to show its invalidity.

In order to maintain a suit of this nature when, as here, the title or interest concerned is legal in its nature, possession of the property by the plaintiff is necessary in most jurisdictions, except where the statute dispenses with such necessity. Pomeroy in the section above referred to states the true rule to be that when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of legal remedies. Thus, for example, a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment under ordinary circumstances. But where he is in possession and thus unable to obtain any adequate legal relief, he may resort to equity. Among a very large number of cases holding possession to

be a necessary prerequisite to jurisdiction where the estate or interest is legal, the following may be cited: *Frost* v. *Spitley*, 121 U. S. 552, 30 L. ed. 1010, 7 Sup. Ct. 1129; *Cahill* v. *Cahill*, 76 Conn. 542, 57 Atl. 284; *Clark* v. *Clark*, 107 Me. 505, 78 Atl. 977; *Robinson* v. *Marino*, 145 Md. 301, 125 Atl. 701, 36 A. L. R. 692; *Goss* v. *Spencer*, 245 Pa. 12, 91 Atl. 215; *Weaver* v. *Arnold*, 15 R. I. 53, 23 Atl. 41.

In *Blondin* v. *Brooks et al.*, 83 Vt. 472, 487, 76 Atl. 184, this Court has held, in effect, that possession of the property by the plaintiff is necessary in order to maintain such a suit. We also recognize the general rule in *Quinn* v. *Valiquette*, 80 Vt. 434, 446, 447, 68 Atl. 515, 14 L. R. A. (N. S.) 962, although that case was decided on other grounds. The latter case quotes with approval from *Booth* v. *Wiley*, 102 Ill. 84, to the effect that the rule does not apply when the primary relief sought is upon other and well-established grounds of equitable relief, such as fraud, and the removal of the cloud is only an incident of that relief. In the present case fraud is not alleged and the removal of the cloud is the primary relief sought.

It has been held that where possession is necessary to sustain the action a bill which fails to allege that plaintiff is in possession of the lands in controversy is demurrable. 51 C. J. 231, sec. 177; *Kelly* v. *Nice*, 141 Md. 472, 119 Atl. 333; *Textor* v. *Shipley*, 77 Md. 473, 26 Atl. 1019, 28 Atl. 1060; *Wetherell* v. *Eberle*, 123 Ill. 666, 14 N. E. 675, 5 A. S. R. 574.

It has been also held that whenever possession is a condition precedent to the maintenance of the action, actual possession or possession in fact as distinguished from constructive possession simply by virtue of legal title is usually contemplated. 51 C. J. 188, sec. 107. In *Country Homes Land Co.* v. *DeGray*, 71 N. J. Eq. 283, 71 Atl. 340, it was held that the possession of a tenant in common in actual possession, claiming in hostility to the plaintiff, another tenant in common, whose title is denied in part only, is not such possession as is required by the statute to give the court of chancery jurisdiction of a suit to quiet title. See, also, *San Jose Land, etc., Co.* v. *San Jose Ranch Co.*, 189 U. S. 177, 47 L. ed. 765, 23 Sup. Ct. 487; *Adams* v. *Black*, 183 Ill. 377, 55 N. E. 887; *Glos* v. *Goodrich*, 175 Ill. 20, 51 N. E. 643.

The plaintiff's bill contains no allegation that he was in actual possession of the property when suit was commenced. It

does not appear in whose possession the property was at that time. Primary relief is not sought on other equitable grounds than the removal of the alleged cloud and quieting the title.

 The demurrer was properly sustained on the third ground, and as the case now stands no error appears. But it is possible that the bill could be so amended as to show the facts regarding possession to be such that the court of chancery would have jurisdiction of the cause.

*The decree will therefore be reversed* pro forma *and the cause remanded with leave to the plaintiff to apply for permission to amend the bill. Should no such application be made within the time limited the chancellor will dismiss the bill with costs.*