**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1344**

DAWN LEDWELL,

Plaintiff - Appellant,

v.

THOMAS RAVENEL; HAYMAKER MEDIA, INC.; BRAVO MEDIA
PRODUCTIONS LLC; NBCUNIVERSAL MEDIA, LLC; COMCAST
CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at
Charleston. Richard Mark Gergel, District Judge. (2:19-cv-02815-RMG)

Submitted: January 22, 2021                     Decided: February 4, 2021

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ryan C. Andrews, COBB DILL & HAMMETT, LLC, Mount Pleasant, South Carolina,
for Appellant. Amy Y. Jenkins, Helen F. Hiser, MCANGUS GOUDELOCK & COURIE,
LLC, Mount Pleasant, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During the production of *Southern Charm*, a reality television show, cast member Thomas Ravenel allegedly assaulted his children's nanny, Dawn Ledwell. Dissatisfied with the network's response to the incident, Ledwell filed suit in state court accusing Ravenel and various Corporate Defendants* of defamation, negligence, and unfair trade practices. Ledwell subsequently settled her claims against Ravenel, though he remained a party for the purposes of filing cross-claims or adding third-party defendants.

Following the settlement, Corporate Defendants removed the action to federal court, then moved to dismiss Ledwell's complaint as barred by the parties' agreement to arbitrate any disputes arising out of the show's production. Meanwhile, Ledwell moved to remand the case to state court, asserting that removal was improper because Ravenel had not joined the removal motion.

The district denied Ledwell's motion to remand, concluding that Ravenel was a nominal party whose consent to remove the action was unnecessary. In addition, the court granted Corporate Defendants' motion to dismiss, rejecting Ledwell's claim that her appearance releases—which included the operative arbitration provisions—were invalid for lack of consideration and for unconscionability. Ledwell appeals, contesting both the denial of her remand motion and the dismissal of her complaint. For the reasons that follow, we affirm.

---

* The Corporate Defendants are: Haymaker Media, Inc.; Bravo Media Productions LLC; NBCUniversal Media LLC; and Comcast Corporation.

2

"We review a district court's ruling on matters relating to the propriety of removal *de novo*." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). Generally, a state court action cannot be removed to federal court unless all defendants consent to the action's removal. *Id.* However, an exception to this rule of unanimity provides that the consent of nominal defendants—i.e., parties that lack "a palpable interest in the outcome of a case"—is unnecessary. *Id.* "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case . . . ." *Id.* at 260. Ultimately, "the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Id.*

In arguing that Ravenel is not a nominal party, Ledwell theorizes that Ravenel might have entered into an indemnification agreement with Corporate Defendants, such that he would be responsible for any damages for which Corporate Defendants are found liable. Thus, even though she settled her claims against Ravenel, Ledwell contends that there is still a reasonably foreseeable chance that the litigation will have an impact on him. However, as the district court correctly recognized, Ledwell's argument is supported by nothing but conjecture. And as we have admonished, "[a]ny venture into hypotheticals in which nominal party status may or may not obtain would only complicate and frustrate a trial court's straightforward inquiry: whether the non-removing party has an interest in the outcome of the case." *Hartford Fire Ins.*, 736 F.3d at 261. Thus, because Ledwell fails to establish a nonspeculative basis for concluding that Ravenel has a palpable interest in this

3

case, we agree that Ravenel's consent was unnecessary to Corporate Defendants' removal motion.

Next, Ledwell challenges the validity of the arbitration provisions. "The question of whether an enforceable arbitration agreement exists . . . is a matter of contract interpretation governed by state law, which we review de novo." *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 699 (4th Cir. 2012). Here, both releases provided that the substantive law of New York would govern the agreements' construction.

Regarding consideration, Ledwell first claims that the arbitration provisions unfairly allowed Corporate Defendants to pursue limited equitable relief from the courts, whereas her only recourse was through arbitration. However, in New York, "[m]utuality of remedy is not required in arbitration contracts. If there is consideration for the entire agreement that is sufficient; the consideration supports the arbitration option, as it does every other obligation in the agreement." *Sablosky v. Edward S. Gordon Co.*, 535 N.E.2d 643, 646 (N.Y. 1989). Thus, the releases are not unenforceable simply because Corporate Defendants enjoy a slightly broader remedy.

Ledwell also maintains that the releases as a whole are void because the primary consideration she received—the opportunity for publicity—was worthless. But "[u]nder the traditional principles of contract law, the parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value." *Apfel v. Prudential-Bache Sec. Inc.*, 616 N.E.2d 1095, 1097 (N.Y. 1993). Thus, regardless of the inequity she now perceives, Ledwell cannot set aside the releases simply because she doubts the value of publicity.

Turning to the question of unconscionability, in New York,

> [A]n unconscionable contract is generally defined as one which is so grossly unreasonable as to be unenforceable according to its literal terms because of an absence of meaningful choice on the part of one of the parties (procedural unconscionability) together with contract terms which are unreasonably favorable to the other party (substantive unconscionability).

*In re Lawrence*, 23 N.E.3d 965, 976 (N.Y. 2014) (brackets and internal quotation marks omitted; parentheses added). Here, even assuming that Ledwell could establish that she had no choice but to sign the releases, she identifies nothing in the agreements that rises to the level of substantive unconscionability. Thus, like the district court, we reject Ledwell's challenges to the arbitration provisions' enforceability.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5