## NORMA D. WATHEN *v.* HELEN H. BROWN

[No. 1157, September Term, 1980.]

*Decided May 12, 1981.*

The cause was argued before MORTON, LOWE and COUCH, JJ.

*C. Clarke Raley* for appellant.

No brief or appearance for appellee.

LOWE, J., delivered the opinion of the Court.

Appellee is the record title holder to a parcel of land and right of way in St. Mary's County. Alleging that appellant claimed ownership by adverse possession, appellee filed a Bill of Complaint to Quiet Title in the Circuit Court for St. Mary's County. Appellant answered, admitting her claim of ownership by adverse possession but denying all else save record title in appellee which was neither admitted nor denied.

Appellant tells us that appellee "elected to vest her claim of ownership and right of disposition on proof that she had paper title. Her proof consisted of the introduction into evidence of her deed . . . and of a plat" which set out the parcel and the right of way.

> "At the close of Appellee's case, Appellant moved to dismiss upon the ground that Appellee had not alleged or proved the conditions for maintenance of a cause of action and a right of relief pursuant to Real Property Article, Section 14-108. The court denied the motion. The appellant declined to go forward.
>
> The lower court declared that Appellee . . . was the owner of the land and had the right to dispose of the property in dispute. . . ."

Appellant's appeal, like her case below, rests upon two questions which may be answered as one:

> "I. Is possession, actual or constructive, required to be proven by the plaintiff to establish a cause of action and a right to relief pursuant to Real Property Article, Section 14-108?
>
> II. Did the evidence in this case permit the lower court to conclude that a cause of action and a right to relief pursuant to Real Property Article, Section 14-108 had been established by Appellee?"

Section 14-108 is one of the "Miscellaneous Rules" set forth in Title 14 of the recent recodification of the Real Property Laws. It was originally enacted in 1955 as a statutory

section for the equitable remedy of quieting title to real estate, by authorizing courts of equity to do substantially what they had been doing prior to its enactment.[1] *Cherry v. Siegert,* 215 Md. 81 (1957).

"§ 14-108. Quieting title.

(a) *Conditions.* Any person in actual peaceable possession of property, or, if the property is vacant and unoccupied, in constructive and peaceable possession of it, either under color of title or claim by right by reason of his or his predecessor's adverse possession for the statutory period, when his title to the property is denied or disputed, or when any other person claims, of record or otherwise to own the property, or any part of it, or to hold any lien encumbrance on it, regardless of whether or not the hostile outstanding claim is being actively asserted, and if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim, the person may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim.

(b) *Proceeding.* The proceeding shall be deemed in rem or quasi in rem so long as the only relief sought is a decree that the plaintiff has absolute ownership and the right of disposition of the property, and an injunction against the assertion by the person named as the party defendant, of his claim by any action at law or otherwise. Any person who appears of record, or claims to have a hostile outstanding right, shall be made a defendant in the proceedings."

Appellant argues that this statute established a burden of proving actual or constructive possession and that mere evi-

---

1. An interesting contradiction in this statute which provides a means in equity of determining "any adverse claim" is the prerequisite of having "peaceable possession (actual or constructive)."

dence of record title (which she concedes in appellee) is insufficient to constitute constructive possession.

The object of a bill to quiet title is to protect the owner of legal title "from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions...." *Textor v. Shipley,* 77 Md. 473, 475 (1893). The statutory requirement of "possession" is that which originally provided equity with jurisdiction; otherwise the complainant would have had to resort to law, having an adequate legal remedy there.

> "In such cases, one being in possession, he cannot have a remedy at law and is obliged therefore to seek the aid of a Court of Equity. If, however, the possession is in another person, his remedy is by action of ejectment, and there is no ground for the interposition of a Court of Equity, and for the reason that he has an adequate remedy at law." *Id.*

The alternative to "actual" possession (i.e., title plus vacancy) was early recognized in the case of *Baumgardner v. Fowler,* 82 Md. 631, 640 (1896), which noted that:

> "... Courts have held that where a plaintiff has the legal title to lands that are wild, uncultivated and unoccupied, he may invoke the aid of a Court of Equity to remove a cloud upon his title, although he has no other than constructive possession resulting from legal ownership."

In Baumgardner this conclusion was coupled with, and apparently predicated upon, the fact that there was no proof that the adverse claimants under a tax sale had taken possession of the lands in dispute under the tax sale deed. Consequently, the plaintiffs could *not* have sued in ejectment to recover the property and thus decide ownership. *Id.* at 640-41.

Although these cases arose prior to the statute, the statute was seemingly based upon them, *Cherry, supra* at 85, and when enacted, it did not dispense with the necessity of showing possession, actual or constructive. *Thomas v.*

*Hardisty,* 217 Md. 523 (1958); *Cherry, supra.* Presumably then, if actual possession is not alleged in the Bill of Complaint although title is claimed, the bill is demurrable unless it is alleged that the lands are vacant and unoccupied. *Barnes v. Webster,* 220 Md. 473, 475-76 (1959).

The bill of complaint in this case was clearly demurrable if a demurrer had been filed. In five succinct paragraphs it alleged: (1) that appellee had record title to "Lot Number 5" (a copy of the deed was appended thereto); (2) that appellee had a twenty-foot right of way (evidenced by an appended deed); (3) that appellant's husband had acknowledged the land and right of way in a survey (which was also appended); (4) that appellant claimed both land and right of way by adverse possession; and (5) that the survey was acknowledged on August 29, 1960 and that therefore adverse possession could not have ripened until August 29, 1980. The suit was filed on September 27, 1979, obviously with the intention of tolling the twenty-year adverse possession period. There being no assertion of facts indicative either of actual possession or that the land was vacant and unoccupied (which coupled with the record title would have satisfied constructive possession, *see Baumgardner, supra*), had appellant demurred she would have been successful since the bill failed to state on its face a case within the jurisdiction of the court of equity. *Redwood Hotel, Inc. v. Korbien,* 195 Md. 402, 410, 412 (1950). A bill to quiet title in equity would not have been appropriate because it did not appear that the complainant was in possession of the property in dispute. *Schultz v. Kaplan,* 189 Md. 402, 408 (1947), and cases cited therein.

Through oversight or cunning, appellant chose not to educate appellee during the crucial twentieth year and elected to answer rather than demur. By admitting that *she claimed* the land and right of way by adverse *possession* as contended by appellee, she underscored the questionable jurisdiction of the equity court, but did naught to raise the issue at that time. On July 14, 1980, just over a month before the crucial date noted in the complaint, a hearing was held. Appellee as noted, rested upon her record title, and appellant,

apparently hesitant to chance supplying any defects in appellee's case (*see, Weil v. Terrell Air Conditioning and Heating Co., et al.,* 48 Md. App. 439 (1981)), moved for dismissal and rested upon her motion urging that appellee had failed to supply by proof what she had failed to assert by pleading. Had that proof of right to equity jurisdiction been supplied, even in the absence of a question of the sufficiency of a bill to confer jurisdiction, the court could have based its decree on the evidence without regard to the allegations of the bill. *Young v. Diedel,* 141 Md. 670, 672-73 (1922). But the evidence was not supplied and the bill was not amended even then, and if a bill fails to state on its face a case within the jurisdiction of equity, that error is fatal at every stage of the case. *Diener v. Wheatley,* 191 Md. 690, 698 (1948).

The judge sought to avoid this dilemma when faced with the *fait accompli* presented him by the motion to dismiss at the end of appellee's case, by asserting that a factfinder might draw an inference (which he subsequently seems to have done) of possession from the evidence, which consisted only of the deed and a plat.

> "So, the fact of Title Owner, I think an inference may be drawn from [sic.-"of ?"] the fact of possession, and for that reason, the Motion to Dismiss will be denied."

No such inference, however, can be drawn from mere paper and the appellee's express contention, admitted by appellant, claimed that appellant was an adverse possessor, which claim necessitates "actual" possession by the possessor. *Goen v. Sansbury,* 219 Md. 289, 295 (1959). The statutory requirement for constructive possession furthermore, is that the property be "vacant and unoccupied." [2] An inference of vacancy is not available from the proof of bare paper title any more than actual possession by appellee would be inferable in the face of her claim that appellant was claiming possession adversely.

---

**2.** The statutory requirement is obviously a codification of the holding of *Baumgardner, supra.*

Thus, it did not appear and was not alleged in the present case that appellee was in possession actually or constructively. The object of the suit was to try the question not of possession, but only of right to possession, and such a proceeding is not within the province and jurisdiction of a court of chancery. *Polk v. Pendleton,* 31 Md. 118, 124 (1869). Paraphrasing the holding of *Crook v. Brown,* 11 Md. 158 (1857), the Court of Appeals has noted:

"There is no head of equity jurisprudence under which a party in possession of land can be brought into Court, and made to show his title, in order that that title may be defeated and the possession delivered to the complainants, for this would be substantially to give a chancery suit the effect of an action in ejectment." *Polk, supra* at 124-25.

Therefore absent actual or constructive possession, appellee could not bring appellant, who claimed possession adversely, into court to defeat appellant's claim to title.

In *Barnes v. Webster, supra,* cited to us by appellant, a similar deficiency was found to exist in the Bill of Complaint. However, that case was never reached upon its merits. The trial court had sustained a demurrer without leave to amend for the wrong reason. When the Court of Appeals reviewed and discovered the error, it also found that the Bill was demurrable for failure to allege that complainants were in possession. In that case the Court of Appeals remanded the case without affirmance or reversal for further proceedings, saying that:

"Since we think the demurrer was sustainable only on the ground that there was not a sufficient showing of equity jurisdiction, we shall remand this case for further proceedings, which may include the granting of leave to file an amended bill of complaint, the filing of all relevant documents, or, if necessary the transfer of the suit to the law side of the court under Maryland Rule 515 [citations omitted]." 220 Md. at 477.

In this case we believe that a like remedy will provide substantial justice to both parties. We will vacate the decree entered below and remand the case for further proceedings which may include the granting of leave to amend the bill of complaint, the introduction of evidence, if any, solely relating to the jurisdictional question of the equity court, or, if necessary, the transfer of the suit to the law side of the court under Md. Rule 515. By so doing, neither party will be improperly prejudiced by a denial of the right to assert fully a claim of ownership in the proper form. Any other remedy appropriately applied would do no more than honor form over substance because a court of conscience erred.

> *Decree of July 24, 1980 vacated. Case remanded without affirmance or reversal for further proceedings.*
>
> *Costs to be paid by appellee.*