PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1900

CHANDRA ANAND; RENU ANAND,

              Plaintiffs – Appellants,

        v.

OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST
COMPANY,

              Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:13-cv-00843-RWT)

Argued:  May 14, 2014                  Decided:  June 6, 2014

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by published opinion.  Judge Duncan wrote the opinion,
in which Judge Motz and Judge King joined.

Douglas Neil Gottron, MORRIS PALERM, LLC, Rockville, Maryland,
for Appellants.  Joshua Tropper, BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC, Atlanta, Georgia, for Appellees.

DUNCAN, Circuit Judge:

Chandra and Renu Anand appeal the district court's dismissal with prejudice of their Maryland quiet title claim. Fed. R. Civ. P. 12(b)(6); Md. Code Ann., Real Prop. § 14-108(a). Because the Anands did not, and cannot, plausibly allege that they own legal title to the property in question, we affirm.

I.

The facts, taken in the light most favorable to the Anands, are as follows. See Minor v. Bostwick Labs., Inc., 669 F.3d 428, 430 n.1 (4th Cir. 2012). In January 2007, the Anands borrowed $500,000 to refinance their home in Germantown, Maryland. The mortgage is evidenced by a Promissory Note ("Note") and secured by a Deed of Trust. The Deed of Trust provided that the ownership of the Anands' home would be transferred to a trust. The trust was granted the power to foreclose on the property if the Anands did not repay the loan in accordance with the terms of the Note. Appellee Deutsche Bank National Trust Company ("Deutsche Bank"), headquartered in California, holds the rights under the Note and Deed of Trust. Appellee Ocwen Loan Service, LCC ("Ocwen"), a Delaware corporation, services the loan.

It is undisputed that in August 2008, the Anands defaulted on their obligations under the Note. The Anands allege,

2

however, that both Deutsche Bank and Ocwen were protected by some form of insurance, which must have been paid out at the time of the default and which fully compensated appellees for the amount owed by the Anands under the Note.

In February 2013, the Anands brought a quiet title action in the Circuit Court for Montgomery County, Maryland.[1] They sought a declaration that Ocwen and Deutsche Bank no longer hold any interest in their home, and an order requiring Ocwen and Deutsche Bank to release their liens and barring them from foreclosing on the property. This relief was justified, the Anands argued, because the alleged insurance payments triggered the release provisions of the Deed of Trust, transferring their home's title back to them.

Invoking diversity jurisdiction, Deutsche Bank and Ocwen removed the case to the United States District Court for the District of Maryland and moved to dismiss the Anands' complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1332; Fed. R. Civ. Pro. 12(b)(6). The district court granted the motion and dismissed the Anands' complaint with prejudice. This appeal followed.

---

[1] A foreclosure proceeding filed against the Anands was voluntarily dismissed in January 2013. The parties agree that there is no pending foreclosure proceeding, which would bar the current quiet title claim. See Md. Code Ann., Real Prop. § 14-108(a).

3

II.

Under the familiar Erie doctrine, we apply Maryland substantive law and federal procedural law when sitting in diversity. Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013); Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

We review a district court's dismissal of the Anands' complaint de novo, taking the facts alleged in the complaint to be true and interpreting them in the light most favorable to the plaintiff. Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 776 (4th Cir. 2013). We do not, however, "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

We generally do not consider extrinsic evidence when evaluating the sufficiency of a complaint. However, we may properly consider documents attached to a complaint or motion to dismiss "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). It is undisputed that the district

4

court properly considered the Deed of Trust in its analysis, and we do the same here.[2]

We review the district court's denial of leave to amend a complaint for abuse of discretion. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013).

III.

On appeal, the Anands contend that their complaint alleges sufficient facts to state a plausible claim for relief under Maryland's quiet title statute. They also argue that the district court abused its discretion by denying them leave to amend their complaint. We address each argument in turn.

A.

A quiet title action under Maryland law provides a vehicle "to protect the owner of legal title from being disturbed in his possession and from being harassed by suits in regard to his

---

[2] The Anands argue on appeal that the district court improperly converted the motion to dismiss into a motion for summary judgment by considering an expert affidavit submitted by the Anands without providing notice or an opportunity to respond. Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). Putting aside the fact that the Anands now fault the district court for allegedly considering an affidavit that they submitted, the record makes clear that the district court did not, in fact, consider the affidavit, because it was "speculative," "not a matter of public record," and "not referenced in the complaint." Joint Appendix, J.A. 89. Therefore, this procedural challenge is without merit.

5

title." Wathen v. Brown, 429 A.2d 292, 294 (Md. Ct. Spec. App. 1981) (internal quotation marks omitted). It is well-established that a quiet title action "cannot, as a general rule, be maintained without clear proof of both possession and legal title in the plaintiff." Stewart v. May, 73 A. 460, 463-64 (Md. 1909).[3] Under Maryland law, the plaintiff bears the burden of proving both possession and legal title. Porter v. Schaffer, 728 A.2d 755, 766 (Md. Ct. Spec. App. 1999). It is undisputed that the Anands are in possession of their home. As explained below, however, the Anands do not, and cannot, plausibly allege that they own legal title to that property. Consequently, their complaint fails to state a claim for relief under Maryland's quiet title statute.

Under the Rule 12(b)(6) standard, we accept as true the Anands' factual allegation that Ocwen and Deutsche Bank have received insurance benefits, triggered by the Anands' default, equal to the amount owed by the Anands under the Note held by Deutsche Bank. We must disregard, however, their legal conclusion that these payments triggered the release provision in the Anands' Deed of Trust, transferring the title to the

---

[3] In light of the foregoing, the Anands' argument that the district court erred by "adding" the requirement that the plaintiff in a quiet title claim allege ownership of legal title to the property is clearly contrary to Maryland law.

6

property back to them. To the contrary, assuming the insurance payments were made, we conclude that they would not alter, let alone release, the Anands' obligations under the Deed of Trust.

The Anands' argument relies on a provision in the Deed of Trust which states: "Upon payment of all sums secured by this Security Instrument, Lender or Trustee, shall release this Security instrument and mark the Note 'paid' and return the Note to Borrower." Joint Appendix, J.A. 32. The Deed of Trust defines "Borrower" as "Chandra Anand and Renu Anand." The Anands argue that the insurance payments were a "payment of all sums" and that, therefore, the security must be released and the title returned to them. We disagree.

As any first-year law student can attest, we must read the Deed of Trust as a whole, "giv[ing] meaning and effect to every part of the contract." Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1127 (4th Cir. 1993). Applying this principle, it is clear that the release provision is triggered only if the Anands satisfy their contractual obligations. The Deed of Trust secures "performance of the Borrower's covenants and agreements under . . . the Note." J.A. 23 (emphasis added). It stipulates that the "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note." J.A. 24.

7

Therefore, the release provision is triggered only if the Anands[4] satisfy their obligations under the note. The Anands concede that they have not met these obligations. As a result, the Deed of Trust remains in effect, and the Anands do not own legal title to their property.

The Anands' attempt to sidestep this analysis by pointing out that a Maryland quiet title action must be "in rem or quasi in rem" is unavailing. See Md. Code Ann., Real. Prop. § 14-108(b). They argue that this statutory requirement means that we may only consider outstanding claims to the property itself without delving into the dispute between themselves and the appellees over the unpaid note. This argument fails because a plaintiff's ownership of legal title is a prerequisite to bringing a quiet title claim. Where, as here, a property is encumbered by a deed of trust and its release is conditioned on a party's performance under a note, determining who holds title

---

[4] We do not address the Anands' argument that the deed and note could, hypothetically, be satisfied by payments made by a third party on the Anands' behalf because it is clear that no such payment was made here. In addition, at oral argument, the Anands cited the Deed of Trust's "Assignment of Miscellaneous Proceeds; Forfeiture" section to support their argument. Because this argument was not raised in their opening brief, we need not address it here. United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004). Even if we did, however, it is clear that this provision would not change our analysis because it does not suggest that insurance payments to the lender would alter the borrower's obligations under the Deed of Trust.

to the property necessarily involves determining whether the party has performed under the note. See Deutsche Bank Nat'l Trust Co. v. Brock, 63 A.3d 40, 48-49 (Md. 2013); Cunningham v. Davidoff, 46 A.2d 633, 634 (Md. 1946). We cannot, therefore, decouple the questions of the Anands' personal liability and the security interest in the property.

Finally, we note that the Anands' reformulation of their request for relief on appeal suggests a misunderstanding of the purpose of a quiet title action. At oral argument, the Anands' attorney appeared to concede that his clients do not hold legal title to their property, by asserting that the Deed of Trust is still in effect. He argued that the Anands seek only to enjoin the appellees from collecting under its terms, while confessing liability to an unknown third party who paid the insurance benefits.[5] However, a quiet title action, which resolves disputes over title, is not the proper vehicle to resolve issues of subrogation or assignment of liability. Md. Code Ann., Real

---

[5] In fact, the Anands' attorney claimed that the Anands' first order of business upon identifying the proper recipient would be to write him a check for their outstanding payments plus interest. Unfortunately, counsel was less clear on why the Anands are willing to let interest accrue and to run up legal fees during the pendency of this action instead of simply making their mortgage payments if this is their intended course of action.

Prop. § 14-108(a) (providing that a quiet title action may be maintained by a property owner when "his title" is disputed).

Simply put, the Anands are not entitled to the benefits of a quiet title action because they are not authorized by statute to resolve clouds on a legal title which they do not own. See Jenkins v. City of College Park, 840 A.2d 139, 153-54 (Md. 2003). We therefore affirm the district court's dismissal of their complaint with prejudice.

B.

The Anands' procedural challenge to the district court proceedings fails as readily as their substantive argument. The Anands argue that the district court abused its discretion by denying them leave to amend their complaint to add additional factual information about the alleged insurance benefits. We disagree.

While leave to amend should be freely given, it "[may] be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). Contrary to the Anands' contention on appeal, the district court properly assumed that the Anands' default triggered insurance payments, and additional factual information regarding those payments would not have made the Anands' quiet title claim any more plausible. Therefore, we hold that the district court acted

10

within its discretion in denying the Anands leave to amend their complaint.

IV.

For the foregoing reasons, the district court's dismissal of the Anands' complaint with prejudice is

AFFIRMED.

11