UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2189**

_____

DAVID SCHWARTZ, d/b/a Rent A Wreck; RENT A WRECK INC., d/b/a
Bundy Auto Sales,

               Plaintiffs – Appellees,

     v.

RENT A WRECK OF AMERICA, INC.; BUNDY AMERICAN, LLC,

               Defendants – Appellants,

     and

J.J.F MANAGEMENT SERVICES, INC.,

               Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Peter J. Messitte, Senior District
Judge.  (1:07-cv-01679-PJM)

_____

Argued:  January 27, 2015         Decided:  March 10, 2015

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished opinion.  Judge Duncan wrote the
opinion, in which Judge Wilkinson and Judge King joined.

_____

**ARGUED:** Daniel Janssen, QUARLES & BRADY LLP, Milwaukee,
Wisconsin, for Appellants.  Roger Charles Simmons, GORDON &
SIMMONS, LLC, Frederick, Maryland, for Appellees.  **ON BRIEF:** E.
King Poor, QUARLES & BRADY LLP, Milwaukee, Wisconsin, for

Appellants.  Jacob I. Weddle, GORDON & SIMMONS, LLC, Frederick, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

This case comes before us a second time. On remand from our first opinion, a jury found that the parties' implied-in-fact franchise agreement does not violate California competition law. Defendants-Appellants Rent-A-Wreck of America, Inc., and Bundy American, LLC (collectively, "RAWA") argue on appeal that this verdict should not stand because the district court misallocated the burden of proof and improperly prevented them from presenting to the jury their theory of the case. Finding no error, we affirm.

I.

This appeal presents a dispute between the creators of the "Rent-A-Wreck" car rental brand, Plaintiffs-Appellees David S. Schwartz and Rent-A-Wreck, Inc. (collectively, "Schwartz"), and RAWA, the current owner of that brand. In the 1970s and 80s, Schwartz began using the Rent-A-Wreck name and assigned most of his interest in that name to RAWA.[1] Importantly for this appeal, Schwartz reserved the exclusive right to sell or operate Rent-A-Wreck franchises in West Los Angeles, where he continued to operate a car rental business under the name "Bundy Rent-A-

_____

[1] For a detailed description of the origin and evolution of the parties' relationships, see our previous opinion, Schwartz v. Rent A Wreck Am. Inc., 468 F. App'x 238 (4th Cir. 2012).

3

Wreck." RAWA's efforts to have this exclusive-territory agreement declared invalid are the subject of this appeal.

## A.

In June 2007, Schwartz filed suit against RAWA in the United States District Court for the District of Maryland. Schwartz sought, in relevant part, a declaratory judgment that he enjoys the exclusive right to operate a Rent-A-Wreck franchise in the Los Angeles territory. RAWA filed a counterclaim under California Business and Professions Code § 16600, seeking a declaration that Schwartz's purported franchise rights are unenforceable under California law because those rights preclude RAWA from competing in that territory. See generally Cal. Bus. & Prof. Code § 16600 ("Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.").

A jury heard the parties' claims in April 2010. It found that Schwartz has a "contract . . . with [RAWA] with respect to [Schwartz's] operation of a used car rental business in West Los Angeles," Schwartz v. Rent A Wreck Am. Inc., 468 F. App'x 238, 243–44 (4th Cir. 2012), and that the contract affords Schwartz an "[e]xclusive [Rent-A-Wreck] franchise . . . in West Los Angeles," id. at 244.

4

After the jury announced its verdict, RAWA moved under Federal Rule of Civil Procedure 50 to set aside portions thereof. RAWA argued that the court "must grant judgment notwithstanding the verdict on the jury's finding that [Schwartz has] an <u>exclusive</u> franchise contract because California law provides that noncompetition agreements of this nature are void <u>ab initio</u>." Defs.' Mem. Supp. Mot. J. Notwithstanding Verdict 3, <u>Schwartz v. J.J.F. Mgmt. Servs., Inc.</u>, No. 1:07-cv-01679-PJM (D. Md. May 18, 2010), ECF No. 308-1.

The district court denied RAWA's motion. It held that the agreement is valid because RAWA and Schwartz have a "franchise agreement," and "franchise agreements . . . are not void under California law as . . . non-competitive." Tr. Mot. Proceedings 59, <u>Schwartz</u>, No. 1:07-cv-01679-PJM (D. Md. July 21, 2010), ECF No. 353. Schwartz appealed.

B.

On appeal, we held that the exclusive-territory provision does not violate California law if "(1) the implied contract found by the jury is a franchising agreement, whereby RAWA can maintain some control as is necessary to protect its trademark, trade name, and goodwill; and (2) the exclusivity arrangement does not foreclose competition in a substantial share of the affected line of commerce." <u>Schwartz</u>, 468 F. App'x at 251. We also "conclude[d] that the question of whether the exclusive

5

territory at issue would foreclose competition in a substantial share of the market for rental cars is a question of fact for the jury." Id. Because "[t]his issue was not presented to the jury . . . , we vacate[d] the district court's denial of [RAWA's] Rule 50(b) motion" and "instruct[ed] the district court to submit to a jury the question of whether the exclusive territory provision forecloses competition in a substantial share of the market for rental cars." Id.

## C.

On remand, the district court submitted to a jury both questions we identified: (1) whether RAWA maintains sufficient control over Schwartz to protect its trademark, trade name, and goodwill; and (2) whether the exclusive-territory provision forecloses competition for rental cars. Prior to trial, the court held that RAWA would bear the burden of proof on both issues. The court also rejected RAWA's attempts to redefine the affected line of commerce as the market for Rent-A-Wreck franchises because, among other reasons, our previous opinion had referred to the market for rental cars. The court explained that RAWA could define "an appropriate market for rental cars in whatever way [it] so choose[s]"--for example, by defining it as the market for the type of rental cars that Rent-A-Wreck franchises rent--but RAWA could not define the market in terms of Rent-A-Wreck franchises themselves. J.A. 823. In other

6

words, the district court limited RAWA to a market in which the consumers are those who rent cars from establishments like Rent-A-Wreck, rather than those who seek to operate Rent-A-Wreck franchises.

A three-day jury trial began on June 18, 2013. On the first day, RAWA reiterated its view that the affected line of commerce is "the sell [sic] of Rent-A-Wreck franchises," not, as the court had ruled, "the rental of cars." J.A. 932. RAWA explained that, in light of the court's rejection of its preferred market definition, it would not present any evidence that the exclusive-territory agreement forecloses competition. See J.A. 933; see also J.A. 1393-94. RAWA argued instead that the parties' contract is not a franchise agreement because RAWA lacks control over Schwartz, and that the exclusive-territory provision is therefore invalid. The jury rejected this argument; it found that RAWA "has the right to exercise some control over [Schwartz] as is necessary to protect RAWA's trademark, trade name, and good will." J.A. 902. The jury also found that Schwartz's exclusive-territory agreement does not foreclose competition in a substantial share of the market for rental cars. J.A. 902. In accordance with this verdict, the court entered judgment in favor of Schwartz on RAWA's counterclaim and closed the case. RAWA appealed.

7

II.

This appeal presents two issues: first, whether the district court erred by assigning RAWA the burden of proving that the exclusive-territory agreement forecloses competition; and second, whether the district court erred by preventing RAWA from presenting to the jury its preferred definition of the relevant market.[2] We address each issue in turn.

A.

RAWA first argues that Schwartz should have borne the burden of proving that the exclusive-territory agreement does not foreclose competition. Schwartz responds that RAWA properly bore the burden of proof because it was the party claiming that the agreement violated California competition law. We agree with Schwartz.

---

[2] RAWA also argues on appeal that the district court erred by determining precisely how much control RAWA can exercise over Schwartz. See Appellants' Br. at 15–30. This argument is not properly before us because the district court entered no judgment concerning RAWA's specific franchise rights. The jury found that RAWA could exercise some control over Schwartz, but neither the jury nor the district defined the contours of that control. Because the district court entered no judgment concerning RAWA's specific franchise rights, we may not decide whether any such ruling would have been in error. See Everett v. Pitt Cnty. Bd. of Educ., 678 F.3d 281, 291 (4th Cir. 2012) ("[W]e review judgments, not opinions . . . ." (alteration in original) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 643 (4th Cir. 2011) (internal quotation marks omitted)). If the parties continue to disagree over how much control RAWA can exercise over Schwartz, they are free to resolve that disagreement through, for example, private negotiations or a state-law breach-of-contract action.

1.

We review de novo the district court's allocation of the burden of proof. See Everett v. Pitt Cnty. Bd. of Educ., 678 F.3d 281, 288 (4th Cir. 2012). A federal court sitting in diversity, we apply state substantive law and federal procedural law. See, e.g., Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014). Because "the assignment of the burden of proof is a rule of substantive law," Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267, 271 (1994), "our role is to apply the governing state law, or, if necessary, predict how the state's highest court would rule on an unsettled issue." Horace Mann Ins. Co. v. Gen. Star Nat'l Ins. Co., 514 F.3d 327, 329 (4th Cir. 2008).

2.

RAWA brought its counterclaim under California Business and Professions Code § 16600, which reads: "Except as provided in this chapter,[3] every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." We held in our previous opinion that § 16600 permits an exclusive-territory provision in a

---

[3] "The chapter excepts noncompetition agreements in the sale or dissolution of corporations (§ 16601), partnerships (ibid.; § 16602), and limited liability corporations (§ 16602.5)." Edwards v. Arthur Andersen LLP, 189 P.3d 285, 290-91 (Cal. 2008).

9

franchise agreement if, in relevant part, the provision "does not foreclose competition in a substantial share of the market." Schwartz, 468 F. App'x at 250–51; see also Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1292 (9th Cir. 2009). Now, we must decide which party bears the burden of establishing whether an exclusive-territory provision forecloses competition.[4] Neither the California State Legislature nor the Supreme Court of California has addressed this precise question. Our task is therefore to predict how the California Supreme Court would answer it. We predict that it would hold as the district court did: The party claiming that an exclusive-territory provision is void under § 16600 bears the burden of showing that § 16600 prohibits that provision.

---

[4] RAWA maintains that we have already decided this issue because our previous opinion "appears to place the burden on Schwartz." Appellants' Br. at 33. RAWA misreads the following passage from our opinion:

> [W]e conclude that [Schwartz is] entitled to the exclusive territory provision if two circumstances can be met: (1) the implied contract found by the jury is a franchising agreement, whereby RAWA can maintain some control as is necessary to protect its trademark, trade name[,] and goodwill; and (2) the exclusivity arrangement does not foreclose competition in a substantial share of the affected line of commerce.

Id. at 33–34 (first alteration in original) (quoting Schwartz, 468 F. App'x at 251). This quotation does not establish which party bears the burden of proof. Instead, our use of passive voice--"can be met"--allowed the district court to decide in the first instance which party should bear that burden.

California law generally places the burden of proof on the party who seeks relief from the court. This principle is codified at California Evidence Code § 500, which provides: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." No statute or court decision alters this general rule for § 16600 claims. In fact, the Supreme Court of California has recognized that a party bringing a claim under § 16600 generally must "allege facts sufficient to constitute a cause of action for unfair competition under . . . section 16600." Blank v. Kirwan, 703 P.2d 58, 69 (Cal. 1985); cf. Dayton Time Lock Serv., Inc. v. Silent Watchman Corp., 124 Cal. Rptr. 678, 682 (Ct. App. 1975) (noting plaintiff's failure to "develop material evidence" to support its claim under § 16600 that "performance of the [exclusive-dealing] contract [would] foreclose competition in a substantial share of the affected line of commerce").

There is no reason to believe that the Supreme Court of California would carve out an exception to this general rule for a claim that an exclusive-franchise agreement is void under

11

§ 16600.[5] California courts consider the following factors when "determining whether the normal allocation of the burden of proof should be altered": (1) "the knowledge of the parties concerning the particular fact" to be proved; (2) "the availability of the evidence to the parties"; (3) "the most desirable result in terms of public policy in the absence of proof of the particular fact"; and (4) "the probability of the existence or nonexistence of the fact." Amaral v. Cintas Corp. No. 2, 78 Cal. Rptr. 3d 572, 596 (Ct. App. 2008) (quoting Lakin v. Watkins Associated Indus., 863 P.2d 179, 189 (Cal. 1993)) (internal quotation mark omitted). Applying these factors, courts have shifted "the normal allocation of the burden of

---

[5] RAWA argues that the Northern District of California's opinion in Scott v. Snelling & Snelling, Inc., 732 F. Supp. 1034 (N.D. Cal. 1990), "required" the district court here to place the burden of proof on Schwartz. Appellants' Br. at 31. But Scott--which is of course not binding on the district or this court--does not support RAWA's position. In that case, a franchisor brought breach-of-contract and unfair-competition claims against some of its former franchisees. Id. at 1036. The franchisor alleged that the former franchisees had violated a restrictive covenant they had signed by using the franchisor's trade secrets to compete unfairly with current franchisees. Id. at 1036, 1043. The court began its analysis by recognizing that post-employment covenants not to compete are unenforceable under California law unless a "former employee uses a former employer's trade secrets or otherwise commits unfair competition," in which case "a judicially created exception to section 16600" applies. Id. at 1043. The court then placed the burden of proving the existence of a trade secret on the franchisor. Id. at 1038. This holding is consistent with our holding today: like the Scott court, we place the burden of proof on the party bringing the claim.

12

proof . . . in spoliation of evidence cases, negligence per se actions, and product liability cases based on design defect." Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 133 Cal. Rptr. 2d 207, 214–15 (Ct. App. 2003) (footnote and citations omitted). For these types of cases, the burden of proof shifts to the defendant where "there is a substantial probability the defendant has engaged in wrongdoing and the defendant's wrongdoing makes it practically impossible for the plaintiff to prove the wrongdoing." Cassady v. Morgan, Lewis & Bockius LLP, 51 Cal. Rptr. 3d 527, 537 (Ct. App. 2006) (quoting Nat'l Council Against Health Fraud, 133 Cal. Rptr. 2d at 214) (internal quotation mark omitted).

Here, none of the four factors weighs in favor of the conclusion that RAWA's § 16600 counterclaim is a "rare instance[]" in which "the burden of proof set forth in Evidence Code section 500 [should be] altered." Id. With respect to the first and second factors, Schwartz would not have superior knowledge of whether the exclusive-territory provision forecloses competition or greater access to evidence of such foreclosure. Nor, under the third factor, do public policy considerations suggest that exclusive-territory provisions in franchise agreements should be unenforceable in the absence of proof that they foreclose competition. Indeed, such exclusive dealing arrangements can be pro-competitive, as when they

13

"provide an incentive for the marketing of new products and a guarantee of quality-control distribution." Dayton Time Lock Serv., 124 Cal. Rptr. at 682. Finally, with respect to the fourth factor, we have no reason to believe that exclusive-franchise agreements so frequently foreclose competition that courts should presume that they have anticompetitive effects. We therefore conclude that the baseline rule applies: RAWA bears the burden of proving its § 16600 claim. Accordingly, we affirm the district court's allocation of that burden.

B.

RAWA next argues that the district court erred by preventing RAWA from presenting its preferred market definition to the jury. Though RAWA repeatedly attempted before and at trial to define the affected line of commerce as the market for Rent-A-Wreck franchises, it now claims that it tried to define that line as the market for "older [rental] vehicles, generally from two to eight years old." Appellants' Br. at 36; accord Reply Br. at 10. Schwartz responds that the district court "encouraged" RAWA to proffer evidence that the exclusive-territory agreement forecloses competition in a rental car market, but RAWA refused. Appellees' Br. at 56–57. For two reasons, we find no error.

First, the district court did not prevent RAWA from defining the relevant market as one for older rental cars.

14

Contrary to what it now argues, RAWA proposed the following market definition for trial: "The line of commerce in this dispute is the sale of Rent-A-Wreck brand franchises, for renting and leasing used motor vehicles that are less than eight years old." J.A. 790 (emphasis added); accord J.A. 819, 932. The district court rejected that definition, but made clear that RAWA could delineate "an appropriate market for rental cars in whatever way [it] so choose[s], defining that market as rental cars, rental cars older than 8 years old, etc." J.A. 823. RAWA then chose not to define any rental car market. See, e.g., J.A. 819. Having made this choice, RAWA cannot now claim that the district court prevented it from advocating a market for older rental vehicles.

Second, the district court rightly rejected RAWA's attempts to define the market as one for Rent-A-Wreck franchises. In our previous opinion, we "instruct[ed] the district court to submit to a jury the question of whether the exclusive territory provision forecloses competition in a substantial share of the market for rental cars." Schwartz, 468 F. App'x at 251 (emphasis added). Because franchises are not rental cars, RAWA's preferred market definition was inconsistent with our mandate and therefore impermissible. The district court did not err by enforcing our mandate. See Scott v. Mason Coal Co., 289 F.3d 263, 267 (4th Cir. 2002) ("[W]hen we remand a case, the

15

lower court must 'implement both the letter and spirit of the .
. . mandate.'" (second alteration in original) (quoting United
States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)).

## III.

For the foregoing reasons, the judgment of the district
court is

AFFIRMED.