**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1626

BARBARA SOPKIN, Citizen of Israel in Her Capacity as Assignee of Lucre Investments Ltd, General Partner of Interlase Limited Partnership, a Georgia Limited Partnership, and in a Derivative Action for Interlase Limited Partnership,

Plaintiff – Appellant,

v.

JILL C. MENDELSON, Executor of Estate of Richard S. Mendelson, Deceased; RICHARD S. MENDELSON TRUST, H. Carter Land III, Trustee; LAND, CARROLL & BLAIR, P.C., f/k/a Land Clark Carroll Mendelson Blair P.C.; JOHN TOOTHMAN, Attorney; MADELINE TRAINOR, Attorney; H. JASON GOLD, Attorney; ANN N. KATHAN,

Defendants – Appellees,

and

JOHN DOES 1-5, Trustees of Richard S. Mendelson Trust,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:16-cv-01146-CMH-IDD)

Argued:  May 10, 2018                                    Decided:  July 23, 2018

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Simon Lopatto, III, Washington, D.C., for Appellant. Robert E. Draim, HUDGINS LAW FIRM, P.C., Alexandria, Virginia; Matthew W. Lee, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia; Richard A. Simpson, WILEY REIN, LLP, Washington, D.C., for Appellees. **ON BRIEF:** David D. Hudgins, HUDGINS LAW FIRM, P.C., Alexandria, Virginia, for Appellees Jill C. Mendelson; Richard S. Mendelson Trust; H. Carter Land III; Land, Carroll & Blair, P.C.; and Ann Nicole Kathan. Darcy C. Osta, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia, for Appellee Madeline A. Trainor; John W. Toothman, DEVIL'S ADVOCATE LLC, Great Falls, Virginia, Appellee Pro Se. Ashley-Anne L. Criss, WILEY REIN LLP, Washington, D.C.; Frank B.B. Knowlton, B. Keith Poston, NELSON MULLINS RILEY & SCARBOROUGH LLP, Columbia, South Carolina, for Appellee H. Jason Gold.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Sopkin appeals from the district court's dismissal of her lawsuit filed both derivatively on behalf of Interlase Limited Partnership and as assignee of Lucre Investments Ltd, which Sopkin purports assigned to her a 2% general partnership interest in Interlase.[1]  In her operative complaint, Sopkin alleges multiple state law claims primarily related to the defendants' handling of Interlase's intellectual property during Interlase's receivership and bankruptcy proceedings.  *See Sopkin v. Mendelson*, No. 1:16-cv-01146 (E.D. Va. Jan. 31, 2017), ECF No. 50 (the "Complaint").[2]

The defendants promptly moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of standing, and under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  The district court granted the requested dismissal, concluding pursuant to Rule 12(b)(6) that the Complaint fails to state a claim upon which relief can be granted.  *See Sopkin v. Mendelson*, No. 1:16-cv-01146 (E.D. Va. Apr. 27, 2017), ECF No. 130 (the "Opinion").  Sopkin timely noted this appeal, and

---

[1] Sopkin names as defendants Jill C. Mendelson, executor of the estate of Richard S. Mendelson; the Richard S. Mendelson Trust, H. Carter Land III, trustee; Land, Carroll & Blair, P.C.; attorneys John Toothman, Madeline Trainor, H. Jason Gold, and Ann N. Kathan; and John Does 1-5, trustees of the Richard S. Mendelson Trust.

[2] Sopkin also alleges a 42 U.S.C. § 1983 claim, but she does not contest on appeal the district court's dismissal of that claim.

3

we possess jurisdiction pursuant to 28 U.S.C. § 1291.[3]  As explained below, we affirm the dismissal of the Complaint.

## I.

### A.

Although the district court did not consider the issue when presented with it, we begin with the parties' dispute on appeal over Sopkin's Article III standing to bring and pursue her claims, which implicates the district court's subject matter jurisdiction.  *See Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 715 (4th Cir. 2015) (recognizing that Article III standing is prerequisite to federal subject matter jurisdiction); *Hodges v. Abraham*, 300 F.3d 432, 443 (4th Cir. 2002) (explaining that appellate court "must" first address challenge to plaintiff's standing, even if district court did not address standing issue).  The defendants contended in the district court — and again maintain on appeal — that Sopkin lacks standing to pursue this lawsuit.  The defendants assert that, insofar as Sopkin pursues her claims on the basis of Lucre's assignment to her of its general

---

[3] Before the district court issued its Opinion, all the defendants save Toothman moved for sanctions pursuant to Federal Rule of Civil Procedure 11.  The district court had not finally resolved the Rule 11 motions by the time that Sopkin noted this appeal. We nevertheless possess jurisdiction to review the Opinion.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988) ("A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order."); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316 (11th Cir. 2005) (observing that "every circuit that has considered th[e] issue has held that the pendency of a motion for sanctions after a dismissal on the merits does not bar appellate jurisdiction [over merits dismissal]").

4

partnership interest in Interlase, her claims are foreclosed. The defendants emphasize that the Virginia state court that oversaw Interlase's receivership entered an order in December 1998 enjoining "Lucre . . . and its officers, managers, directors, and agents . . . from claiming to be the corporate general partner of Interlase and from taking or purporting to take any actions on behalf of Interlase." *See* J.A. 196.[4] According to the defendants, neither Lucre nor any Lucre representative ever appealed the state court's order. In addition, the defendants underscore that, during Interlase's subsequent bankruptcy proceedings, Sopkin filed a "Proof of Interest," in which she claimed that, as a result of an assignment from Lucre, she held a 2% general partner interest in Interlase — but Sopkin thereafter actually withdrew that filing "with prejudice." *Id.* at 183, 199. In light of the state court's order prohibiting Lucre from claiming any interest in Interlase and Sopkin's conduct in the bankruptcy proceedings, the defendants aver that res judicata and collateral estoppel preclude Sopkin from now claiming that she is an assignee of a general partnership interest in Interlase.

Having carefully considered the arguments of counsel, the record on appeal, and the applicable authorities, we agree with the defendants that Sopkin lacks Article III standing to pursue her claims under the guise of a purported interest in Interlase through an assignment from Lucre. The doctrine of collateral estoppel requires that we afford preclusive effect to the Virginia state court's determination that Lucre and its agents

---

[4] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

cannot assert any interest in Interlase. *See Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008) ("Federal courts must give the same preclusive effect to a state court judgment as the forum that rendered the judgment would have given it."); *Lee v. Spoden*, 776 S.E.2d 798, 803 (Va. 2015) (explaining that collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (internal quotation marks omitted)). The state court's order of December 1998 thus bars Sopkin from claiming that any injury suffered by Interlase during its receivership and bankruptcy proceedings resulted in an injury to Lucre or her as Lucre's apparent assignee. Consequently, Sopkin lacks Article III standing to pursue her claims as the purported assignee of Lucre's partnership interest in Interlase. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976) ("[W]hen a plaintiff's standing is brought into issue the relevant inquiry is whether . . . the plaintiff has shown an injury to [her]self that is likely to be redressed by a favorable decision."); *Beck v. McDonald*, 848 F.3d 262, 271 (4th Cir. 2017) (recognizing that to claim Article III standing, "complainant must allege an injury to [her]self that is distinct and palpable" (internal quotation marks omitted)).

Sopkin seeks to avoid our application of collateral estoppel to the Virginia state court's order by contending that the state court did not have personal jurisdiction over Lucre at the time that the court issued the order. The record demonstrates, however, that the state court provided Lucre's counsel in the receivership proceedings an opportunity to litigate the court's jurisdiction over Lucre, and the court ultimately concluded that it could properly exercise jurisdiction over Lucre, a determination which we accord full

6

faith and credit.  *See Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1982) (observing that state court determinations of jurisdictional issues are entitled to full faith and credit); *Tomai-Minogue v. State Farm Mut. Auto. Ins. Co.*, 770 F.2d 1228, 1233 n.7 (4th Cir. 1985) ("[W]here the defendant makes a special appearance, and the jurisdictional issue has been fully and fairly litigated and finally decided in the original forum, the resulting judgment is entitled to full faith and credit even as to the existence of personal and subject matter jurisdiction.").[5]  We thus need not — and do not — accept Sopkin's allegation in the Complaint that the state court lacked jurisdiction to enter its order barring Lucre from claiming an interest in Interlase.  *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (acknowledging that we need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" (internal quotation marks omitted)).  The upshot is that, because the state court prohibited Lucre from claiming any interest in Interlase, Sopkin, as Lucre's assignee of its interest in Interlase, cannot bring and pursue her claims based on a purported interest in Interlase that she gained from Lucre.[6]

---

[5] Despite Sopkin's insistence that Lucre never appeared before the Virginia state court during the receivership, the state court's order reflects that Lucre appeared by counsel in the receivership action.  *See* J.A. 103-04, 367.

[6] Furthermore, we view with great skepticism Sopkin's exceedingly belated challenge to the state court's jurisdiction over Lucre.  Sopkin's assertion is particularly dubious in light of her withdrawal of her claim of interest during the Interlase bankruptcy proceedings.  Sopkin's withdrawal occurred after she was confronted with the assertion that the state court had barred Lucre from claiming an interest in Interlase.  In fact, the bankruptcy court concluded that, because of the state court's order, Lucre lacked the authority to act on behalf of Interlase.  *See* J.A. 287.

B.

Assuming that Lucre is prohibited from claiming an interest in Interlase, Sopkin alleges that she may yet assert her claims in a derivative action on behalf of Interlase because, in March 2016, one of Interlase's founding partners, Dr. Kenneth Fox, assigned to Sopkin his limited partnership interest in Interlase. Many of the defendants contend, as they did in the district court, that Sopkin lacks derivative standing to pursue her claims based on that assignment because the Complaint did not comply with Rule 23.1 of the Federal Rules of Civil Procedure. Rule 23.1 requires, among other things, that a derivative plaintiff allege that she "was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on [her] by operation of law." *See* Fed. R. Civ. P. 23.1(b)(1).[7]

We are satisfied that Rule 23.1 prevents Sopkin from maintaining a derivative action on behalf of Interlase because she failed to allege that she owned a partnership interest in Interlase — outside of the interest that Lucre purported to assign to her — at the time of the events giving rise to her claims. *Cf. Lefkovitz v. Wagner*, 395 F.3d 773, 776 (7th Cir. 2005) (recognizing that Rule 23.1 applies to derivative action brought on

---

[7] Because Sopkin invoked diversity jurisdiction for her state law claims, we are obliged to apply Rule 23.1, which constitutes federal procedural law. *See Doermer v. Callen*, 847 F.3d 522, 529 (7th Cir. 2017) (recognizing that Rule 23.1's contemporaneous ownership requirement applies in federal diversity action); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (explaining that federal court sitting in diversity applies state substantive law and federal procedural law); *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1013 n.5 (9th Cir. 2010) (recognizing that contemporaneous ownership requirement in Rule 23.1 is procedural). Sopkin acknowledged in the Complaint, and continues to assert on appeal, that Rule 23.1 applies to her derivative claims.

behalf of partnership); *Allright Mo., Inc. v. Billeter*, 829 F.2d 631, 638 n.7 (8th Cir. 1987) (same). Nor did Sopkin allege that Dr. Fox's March 2016 assignment to her of his interest in Interlase included any claims belonging to Interlase, and nothing in Interlase's partnership agreement establishes as much. Furthermore, Sopkin does not allege — and it is not apparent on this record — that Dr. Fox's interest in Interlase devolved on Sopkin by operation of law. Therefore, Sopkin has not sufficiently alleged derivative standing to sue on behalf of Interlase. *See Doermer*, 847 F.3d at 526 n.1 (observing that Rule 23.1 concerns plaintiff's standing to bring derivative action); *In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 156 (2d Cir. 2015) (same).[8]

## II.

In sum, we conclude that Sopkin lacked Article III standing to bring and pursue claims as an assignee of Lucre's purported interest in Interlase and that Sopkin otherwise failed to allege derivative standing to assert claims on behalf of Interlase. Accordingly, we affirm the district court's dismissal of the Complaint. *See Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (recognizing that we "may affirm on any grounds apparent

---

[8] We find it particularly appropriate to apply Rule 23.1 to the Complaint, in that it appears that Sopkin obtained her interest in Interlase from Dr. Fox solely for the purpose of litigation. *Cf. Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 531 n.6 (1984) (observing that contemporaneous ownership requirement is "generally aimed at preventing the federal courts from being used to litigate purchased grievances" (internal quotation marks omitted)). Indeed, Interlase's assets had been liquidated in the bankruptcy proceedings by the time that Dr. Fox purportedly assigned his interest in Interlase to Sopkin.

from the record," particularly where "the record presents a more straightforward basis for affirmance" (internal quotation marks omitted)).

*AFFIRMED*